[L. A. No. 2043.   Department Two.—March 19, 1909.]

NYDIA S. NILES, Executrix of the Last Will and Testament of WILLIAM NILES, Deceased, Respondent, v. LILLIAN L. GONZALEZ et al., Appellants.

APPEAL—ORDER DENYING NEW TRIAL—ADVERSE PARTY—SERVICE OF NOTICE.—Notice of appeal from an order denying a motion for a new trial need be served only on the parties who were adverse to the motion in the court below.

ID.—DISMISSAL OF APPEAL.—The burden is upon a respondent moving to dismiss an appeal for want of service upon an adverse party, to show from the record that the party not served was adverse in interest.

ID.—PRESUMPTION IN FAVOR OF ORDER DENYING NEW TRIAL—ABSENCE OF SHOWING IN RECORD—WANT OF JURISDICTION OF MOTION.—On an appeal by one defendant from an order denying a motion for a new trial all intendments are in favor of the regularity of the action of the trial court, and the burden is upon the appellant to show that error exists; and where there is nothing in the record to show that another defendant, who had an adverse interest, was a party to the motion for a new trial, or took any part in the hearing of the motion, or was served with notice of intention to move for a new trial, it must be presumed that the superior court did not have jurisdiction to grant the motion, and that the motion was therefore properly denied.

APPEAL from an order of the Superior Court of Los Angeles County refusing a new trial.   D. K. Trask, Judge.

The facts are stated in the opinion of the court and in the opinion in *Niles* v. *Gonzalez,* 152 Cal. 90.

J. Wiseman Macdonald, for Appellants.

Ward Chapman, for Respondent.

MELVIN, J.—One phase of this case was considered by the supreme court on motion to dismiss the appeal.   The motion to dismiss the appeal from the judgment was granted and the court denied respondent's motion with respect to the appeal from the order denying appellants' motion for a new trial. (See *Niles* v. *Gonzalez,* 152 Cal. 90, [92 Pac. 76].)   Since that decision was filed William Niles died and Nydia S. Niles,

executrix of his last will and testament, has been substituted
as respondent in his stead.

Respondent contends that the order denying the motion of
the defendants Gonzalez for a new trial should be affirmed by
reason of the fact that no showing is made of service of notice
upon Mrs. Tarr, the other defendant, and also because there
is nothing in the record to indicate that she participated in the
motion.   In passing upon the motion to dismiss the appeal
from the order denying a new trial, Mr. Justice Sloss ex-
pressed the law in the following language:—

"It is well settled that the notice of appeal from an order
denying a motion for a new trial need be served only on the
parties who were adverse to the motion in the court below.
(*Watson* v. *Sutro,* 77 Cal. 609, [20 Pac. 88] ; *In re Ryer,* 110
Cal. 556, [42 Pac. 1082] ; *Johnson* v. *Phenix Ins. Co.,* 146 Cal.
571, [80 Pac. 719].)   If Mrs. Tarr was not a party to the
motion in the superior court, she was not an adverse party upon
whom notice of appeal from the order had to be served.   The
record before us fails to show that she was such adverse party.
The notice of intention to move for a new trial is not incor-
porated in the transcript.   The statement on motion for new
trial is entitled 'Statement of defendant Lillian L. Gonzalez on
motion for new trial,' and states that it is proposed by said
defendant as a statement to be used 'on motion for new trial.'
Whether or not the defendant Tarr participated in the pro-
ceedings leading up to the settlement of the statement, or
gave or received notice of intention to move for a new trial,
or, upon the hearing, appeared either in favor of or in op-
position to the granting of the motion is not shown.

"All that is contained in the record in addition to the state-
ment is the copy of a minute entry showing the action of the
court on the motion.   This entry reads 'On this cause de-
fendants' motion for a new trial is denied.'   In view of the
fact that the notice of appeal purports to be given by the de-
fendants Gonzalez, this entry might well be taken to indicate
that the motion was made by these defendants.   But, if we
give it the construction suggested by the respondent,—namely,
that Mrs. Tarr, who was one of the defendants is included
among those whose motion for a new trial is denied, it would
appear that she joined with her co-defendants in asking for a
new trial and in that view the record would not show that

her interests upon that motion were adverse to those of the other defendants. (*Barnhart* v. *Edwards,* 111 Cal. 431, [44 Pac. 160].)

"We think the burden is upon a respondent moving to dismiss an appeal for want of service upon an adverse party, to show from the record that the party not served was adverse in interest. 'Only parties who appear from the record to be adverse need be served.' (*Estate of Ryer,* 110 Cal. 556, [42 Pac. 1082] ; *In re Bullard,* 114 Cal. 462, [46 Pac. 297].) Here the record does not show affirmatively that Mrs. Tarr was an adverse party to the action in the court below.

"We are not here called upon to decide whether a failure to serve Mrs. Tarr with notice of intention to move for a new trial in the court below (assuming that she did not join in the motion) would furnish good ground for affirming the order denying a new trial, nor is it necessary here to decide whether in considering such an appeal on its merits this court would presume that notice of intention to move for a new trial had or had not been given to the co-defendant."

In another part of the same decision this language is used :—

"The decree declared that the plaintiff was entitled to the specific enforcement of his contract against Lillian L. Gonzalez, and was entitled to receive from her a good and sufficient deed of conveyance of the property upon payment to her of the sum of $107.38. It further declared that the defendant Jennie R. Tarr is the owner and holder of the Gonzalez note and mortgage above referred to and that said Jennie R. Tarr is entitled to receive from the plaintiff, and the plaintiff is required to pay to her as a condition to the specific performance of said contract and as a condition to having said mortgage satisfied of record the sum of $578.30. The decree orders the plaintiff to pay to the clerk of the court within ten days the sum of $107.38 for the defendant Lillian L. Gonzalez, and the sum of $578.30 for the defendant Jennie R. Tarr. Within ten days after the payment of said sums, the said Lillian L. Gonzalez is ordered to execute and deliver to plaintiff a deed of the property, and said Jennie R. Tarr is ordered to enter a satisfaction of her mortgage.

"We think it is clear that this decree grants Mrs. Tarr certain substantial rights of which she might be deprived upon a reversal, or upon any conceivable modification of the judg-

ment, and that she is, therefore, an adverse party who should have been served with the notice of appeal."

Mrs. Tarr being a necessary party to the motion for a new trial, it was incumbent upon the moving party in the former proceeding to show affirmatively that she was not served with notice of intention to move for new trial, that she was not one of the moving parties, and that she did not participate in the hearing of the motion. But does not the burden shift when the matter comes to this court on appeal from the order denying the motion for a new trial? And in the absence of an affirmative showing that Mrs. Tarr was either a moving party or was served with notice, should not this court presume that the superior court did not have jurisdiction to grant the motion for a new trial, and that said motion was therefore properly denied?

On appeal all intendments are in favor of the regularity of the action of the trial court. Error will never be presumed, and the burden is upon the appellant to show that it exists. (*Cutting Fruit Packing Co.* v. *Canty,* 141 Cal. 692, [75 Pac. 564]; *McLennan* v. *Wilcox,* 126 Cal. 51, [58 Pac. 305].) There is nothing in the record to show that Mrs. Tarr was a party to the motion for a new trial, that she took any part in the hearing of said motion, or that she was served with notice of intention to move for a new trial. Her answer was separate from that of the defendants Gonzalez; she was represented by her own attorney; and the statement on motion for new trial is signed by the attorney for defendant Lillian L. Gonzalez and the attorney for the plaintiff. The order denying the motion for a new trial is as follows: "On this cause, defendants' motion for a new trial is denied." It is also a significant circumstance that Mrs. Tarr's attorney does not join in the notice of appeal from the order denying a new trial.

It seems obvious that appellants have failed to meet the burden imposed upon them, and we are therefore bound to assume that the court below did not acquire jurisdiction to grant a new trial.

In *Herriman* v. *Menzies,* 115 Cal. 26, [56 Am. St. Rep. 81, 44 Pac. 661], this court says: —

"Section 659 of the Code of Civil Procedure, however, requires that the party intending to move for a new trial shall

'serve upon the adverse party a notice of his intention.' The 'adverse party' upon whom this notice is to be served, is determined by the same rules as is the 'adverse party' upon whom the notice of appeal is to be served, viz., every party whose interest in the subject-matter of the motion is adverse to or will be affected by the granting of the motion or changing the former decision of the court; and a failure to serve such adverse party with the notice of an intention to move for the new trial will be attended with the same consequences as a failure to serve an adverse party with a notice of appeal from the judgment. The superior court can have no jurisdiction to re-examine an issue of fact that it has tried, and change its decision thereon, unless all the parties to the issue and former decision are properly before it. In the present case the plaintiffs sought a recovery against Mrs. Taylor, and, upon the trial of the issues involving her liability, the court made certain findings of fact in her favor, and determined that she was under no liability to account for any moneys that she had received. The action is for an accounting by all of the defendants as partners in the enterprise, and it is evident that an adjustment of their several rights and obligations growing out of the partnership venture cannot be had unless all of the parties to the transactions are before the court. The effect of granting a new trial would be to vacate the former findings of fact, and compel Mrs. Taylor to again litigate a controversy which had been decided in her favor. A new trial of these issues cannot be had without affecting her interests, and, as she has not been brought before the superior court at the hearing of the motion for a new trial, that court had no jurisdiction to grant the motion, and its order denying the same was properly made." (See, also, *United States* v. *Crooks,* 116 Cal. 43, [47 Pac. 870].)

It follows that the order denying defendants' motion for a new trial must be sustained.

Henshaw, J., and Sloss, J., concurred.