JOHNSON, APPELLANT, v. COUNTY OF LINCOLN ET AL.,
RESPONDENTS.

(No. 3,567.)

(Submitted January 15, 1915.   Decided February 2, 1915.)

[146 Pac. 471.]

*Taxation—Public Lands—Delinquent Tax Sales—Injunction—*
*Complaint — Insufficiency — Land Department — Rules and*
*Regulations—Effect.*

Public Lands—Equitable Title—Taxation.
   1.   Where one qualified to enter public land has fully complied with
the federal statute and the rules and regulations of the Interior De-
partment promulgated to carry its provisions into effect, and his appli-
cation has been finally approved, but has not yet received patent, he
is vested with an equitable interest in the land which is subject to
taxation.
   [As to holder of inchoate title to public land as freeholder, see note
in Ann. Cas. 1913D, 328.]

Same—Regulations of Land Department—Effect of.
   2.   Rules of the Interior Department, promulgated to carry into
effect statutes relating to the disposition of public lands, have the
force of statutes and will be judicially noticed by the courts.

Same—Taxation—Power of State.
   3.   A state is without power to tax public lands held by one under
a preferential right of entry when surveyed and opened to settle-
ment; hence, where such land is sold for delinquent taxes, the deed
conveys no interest in it.

Same—Delinquent Tax Sales—Injunction—Complaint—Insufficiency.
   4.   Where it appeared from the complaint in an action to enjoin a
county treasurer from selling land for delinquent taxes, that plain-
tiff had neither equitable nor legal title to the land but only a pref-
erential right of entry, the threatened sale could not cast a cloud
upon his title as alleged, and a general demurrer to the complaint
was properly sustained.
   [As to taxpayers' actions, see note in Ann. Cas. 1913C, 892.   As to
injunction to restrain collection of taxes and assessments, see note
in 69 Am. Dec. 198.]

*Appeal from District Court, Lincoln County; John E. Erick-*
*son, Judge.*

ACTION by Charles E. Johnson against the county of Lincoln
and its treasurer.   From a judgment for defendants, plaintiff
appeals.   Affirmed.

Cause submitted on briefs of counsel.

*Mr. Harry H. Parsons*, for Appellant.

The case seems on all-fours with and to have been foreclosed by the circuit court for the northern district of Idaho in an opinion rendered by Judge Dietrich in the case of *Clearwater Timber Co.* v. *Shoshone County*, 155 Fed. 612. Aside from this case: "Neither the legal nor the equitable title to the land in question passed from the government, so as to subject said land to taxation." (*Gibson* v. *Choteau*, 13 Wall. 92, 20 L. Ed. 534; *Grant* v. *Iowa etc. Land Co.*, 54 Iowa, 677, 7 N. W. 113; *Reynolds* v. *County of Plymouth*, 55 Iowa, 93, 7 N. W. 468; *Calder* v. *Keegan*, 30 Wis. 126; *Wisconsin Cent. R. R. Co.* v. *Price County*, 133 U. S. 496, 33 L. Ed. 687, 10 Sup. Ct. Rep. 341; *Sargent* v. *Herrick*, 221 U. S. 404, 55 L. Ed. 787, 31 Sup. Ct. Rep. 574; *Robertson* v. *Sewell*, 87 Fed. 536, 31 C. C. A. 107.)

*Mr. D. M. Kelly*, Attorney General, and *Mr. C. S. Wagner*, Assistant Attorney General, for Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In this suit a general demurrer was sustained to the complaint, and plaintiff, electing not to plead further, suffered judgment to be entered against him, and appealed. Does the complaint state a cause of action?

It is alleged that under the Act of Congress of June 4, 1897 (30 Stats. at Large, 36), forest reserve scrip was issued to certain settlers who had claims within a national forest, and which claims were surrendered to the government; that plaintiff purchased the scrip, and thereafter made selections of lieu lands for filing by virtue of the scrip; that the selections and scrip were tendered to the local land office and forwarded to the general land office at Washington; that the commissioner temporarily approved the selections in 1909, but has never generally or finally approved the same, and neither a receiver's receipt nor patent has ever been issued; that the selected lands at all times mentioned were and now are vacant, unsurveyed pub-

lic lands of the United States, to which plaintiff has neither legal nor equitable title; that plaintiff is a preferential entryman, with prior and preferred right to enter such lands as soon as the same are surveyed, the surveys approved, and the lands opened to settlement or entry; that in 1913 the assessor of Lincoln county listed the selected lands for assessment to plaintiff; that the taxes levied for that year were extended on the tax-roll; that plaintiff refused to pay such taxes, and the same became delinquent; that the county treasurer threatens to sell the lands to satisfy the taxes and costs; and that the sale, if made, "will cast a cloud upon the title of the plaintiff." The complaint prays for an injunction restraining the sale.

On behalf of the respondents, the attorney general suggests to the court:

*First.* If the particular allegations of the complaint, which [1] detail the proceedings taken by plaintiff and his predecessors, disclose an equitable title in plaintiff to these lands at the time the assessment was made, then such interest was subject to taxation, and this is clearly correct. (*Wisconsin Central R. R. Co.* v. *Price County,* 133 U. S. 496, 33 L. Ed. 687, 10 Sup. Ct. Rep. 341.)

*Second.* If, on the other hand, the general allegation of the complaint that, at the date of the assessment, the lands were unoccupied unsurveyed lands, belonging to the United States, be accepted as true, then, while such lands are exempt from taxation, plaintiff has pleaded himself out of court by disclosing in his complaint that he does not have any interest in the lands which can be prejudiced by the treasurer's sale.

1. The Act of June 4, 1897, grants to a settler upon lands within a national forest the right to relinquish his claim and to take in lieu thereof an equal number of acres of government land without the limits of the reservation, provided, in case the relinquished claim is unperfected, the requirements of the law respecting settlement, residence, improvements, *etc.*, are complied with on the new claim; credit being allowed for the time spent on the relinquished claim. Among the regulations of the In-

terior Department promulgated to carry the provisions of that Act into effect, Rule 18 provides: "All applications for change of entry or settlement must be forwarded by the local officers to the commissioner of the general land office for consideration, together with report as to the status of the tract applied for." These department regulations have the force and effect of stat-
**[2]** utes (*Caha* v. *United States,* 152 U. S. 211, 38 L. Ed. 415, 14 Sup. Ct. Rep. 513), and will be judicially noticed by the courts. (*Cosmos Exploration Co.* v. *Gray Eagle Oil Co.,* 190 U. S. 301, 47 L. Ed. 1064, 23 Sup. Ct. Rep. 692.)

Whether the selector was qualified to enter the lands in question, whether he complied with the law, and whether the selected lands were open to entry, were questions which had to be determined before even the equitable title could vest in plaintiff. As said by the supreme court in the case last cited: "The mere filing of papers cannot create such title. The applicant must comply with and conform to the statute, and the selector cannot decide the question for himself." Before the equitable title can vest in the applicant, the questions presented for determination upon the application must be decided by some officer of the government authorized to act in that behalf, and his determination is evidenced by his final approval of the selections. Under Rule 18 above, the officer designated to determine these questions is the commissioner of the general land office, with the possible right of review lodged in the secretary of the interior; and, until his final decision is made, neither the legal nor equitable title passes to the selector. The court, in the case last cited above, further said: "Taking into consideration, however, the fact that the statute did not vest the local officers with the right to decide upon the question of a compliance with its terms, and the further fact that the land department had adopted Rule 18, above referred to, which provides for the forwarding of all applications for change of entry or settlement to the commissioner of the general land office for his consideration, together with a report as to the status of the tract applied for, we must conclude that the action of the local officers did not,

as it could not, amount to a decision upon the application of the selector, so that he became vested with the equitable title to the land he assumed to select. It is certain, as we have already remarked, there must be some decision upon that question before any equitable title can be claimed—some decision by an officer authorized to make it. Under the rule above cited, that decision has not been made. The general land office has (so far as this record shows) come to no conclusion in regard to it." (*Sjoli* v. *Dreschel,* 199 U. S. 564, 50 L. Ed. 311, 26 Sup. Ct. Rep. 154; *Clearwater Timber Co.* v. *Shoshone County* (C. C.), 155 Fed. 612; *Wm. E. Moses,* 33 Land Dec. Dept. Int. 333.)

The particular allegations of this complaint do not disclose any title to or interest in these lands subject to taxation at the time the assessment was made.

In *State* v. *Itaska Lumber Co.,* 100 Minn. 355, 111 N. W. 276, the court, considering a case involving like principles, said: "But, before the land can be taxed by the state as the property of the beneficial owner, a perfect equitable title must be vested, and the consideration fully paid to the United States. As long as the government retains the legal title as security for the payment of any part of the purchase money, the land is not subject to taxation. * * * The presentation of the scrip, with an application to locate it upon certain land, gave the applicant the preference over other subsequent claimants of the land; but, until the application was approved and acted upon by the commissioner, the applicant acquired no interest, legal or equitable, in the land as against the United States. During the intervening time it might have been withdrawn from entry or disposed of by the government in some other manner. Payment for the land was not made until the scrip was approved and the receipt therefor issued."

2. Upon any view of the complaint, it is made to appear that at the date of the assessment the lands in question were vacant, unsurveyed public lands belonging to the United States. Over [3] their disposition the government had complete control (U. S. Const., Art. IV, sec. 3), and they were exempt from taxa-

tion by section 2, Article XII, of the Constitution of this state. The tax for the collection of which the sale is threatened is absolutely void. The government was the owner of the lands, and its rights cannot be prejudiced by any sale which the county treasurer may make. His tax deed, if one should be issued, will not convey any interest in the lands whatever. (*Sargent* v. *Herrick*, 221 U. S. 404, 55 L. Ed. 787, 31 Sup. Ct. Rep. 574.)

With these premises established, the conclusion follows that the sale, if made, cannot cast any cloud upon plaintiff's title, [4] for he has none, and will not affect his preferential right of entry. It is axiomatic in the law that one who is not injured or threatened with injury cannot complain. "A cause of action is the right which a party has to institute a judicial proceeding. * * * It is composed of the right of the plaintiff and the wrong of the defendant * * * and the wrong of the defendant is the infringement of plaintiff's right." (*Dillon* v. *Great Northern Ry. Co.*, 38 Mont. 485, 100 Pac. 960.)

Since it appears that the contemplated sale by the treasurer will not infringe any right of plaintiff to these lands, a cause of action to restrain the sale is not stated.

Whether the tax levied in this instance has the effect of a judgment enforceable against the plaintiff, irrespective of the lands assessed, is a question not raised nor considered. The only complaint made is that the sale by the county treasurer "will cast a cloud upon the title of this plaintiff," and in this we have determined that plaintiff's apprehension is groundless. It is unnecessary to decide whether unsurveyed lands are subject to taxation under any circumstances. In pleading facts which disclose that he does not have any interest in these lands which can be affected adversely by the threatened sale, plaintiff has successfully pleaded himself out of court.

The complaint does not state a cause of action. The demurrer was properly sustained, and the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.