[L. A. No. 3754. Department One.—December 15, 1916.]

CARUTHERS BUILDING COMPANY (a Corporation), et al., Respondents, v. PARLEY M. JOHNSON, Appellant.

NEW TRIAL — NOTICE OF INTENTION — SERVICE ON ADVERSE PARTY — JURISDICTION.—A proceeding for new trial is initiated under our statute by filing and serving upon the adverse party, within a given time, a notice of intention to move for such new trial. The "adverse party" upon whom the notice is to be served is "every party whose interest in the subject matter of the motion is adverse to or

will be affected by the granting of the motion or changing the former decision of the court." The failure to serve the notice upon all adverse parties deprives the superior court of jurisdiction to grant the motion, but the failure to serve a given party will not deprive the court of jurisdiction to grant the motion in so far as it can be granted without affecting the rights of the parties not served.

ID.—ACTION TO ESTABLISH DEED AS MORTGAGE—MOTION FOR NEW TRIAL —ADVERSE PARTIES.—In an action by the original grantor of real property against the grantee and the beneficiary and trustee under a deed of trust executed by the grantee, to have the deed of conveyance, which was absolute in form, declared to be a mortgage, in which action the court found in favor of this contention, ordered repayment of the loan secured by the deed of trust, and thereupon a reconveyance to be made by the trustee to the plaintiff, the beneficiary under the deed of trust was an adverse party whose interest was affected by the granting of a motion for a new trial in the action, and a failure to serve such party with the notice of intention deprived the court of jurisdiction to grant the motion.

ID. — PURCHASE OF PROPERTY PENDING ACTION — SUPERIOR RIGHTS OF PURCHASER.—Where, after rendition of judgment in favor of the original grantor, the land was conveyed to a corporation which executed a deed of trust on the property to secure payment of a certain amount of money borrowed, and upon default in payment the property was sold under the deed of trust, and a deed executed to the purchaser after the judgment had become final in the action, the rights of the purchaser in the land are superior to those of a purchaser from the original grantee in whose favor a motion for a new trial was granted in the action and judgment rendered declaring him to be the owner of the property, the proceedings for a new trial being nugatory for failure to serve the beneficiary under the deed of trust.

ID.—REAL PARTY IN INTEREST—SUBSEQUENT PURCHASER—RIGHT TO QUESTION PROCEEDINGS.—Although the purchaser under the deed of trust was not a party to the original action, the title of the original party having vested in him before the motion for a new trial was presented and he being the real party affected by the proceedings, it was open to him to object to any step taken in the case affecting his claim of title.

ID.—CLAIM OF FRAUD AND LACK OF CONSIDERATION—LACK OF NOTICE TO PURCHASER.—In the absence of notice to the purchaser under the deed of trust, the fact that the deed from the original owner to the grantor of the maker of the deed of trust was without consideration and was procured by false representations would not justify a judgment against him.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

Flint, Gray & Barker, Gray, Barker & Bowen, and Donald Barker, for Appellant.

Guy S. Pratt, J. P. Chandler, D. Z. Gardner, Cleveland Schultz, Paul W. Schenck, Richard Kittrelle, and Denio & Hart, for Respondents.

SLOSS, J.—This action was brought against Parley M. Johnson to quiet the title of Caruthers Building Company to certain land in the county of Los Angeles. Johnson filed a cross-complaint, bringing in as parties various purchasers of portions of the property from Caruthers Building Company. Judgment went in favor of the building company and its grantees. Johnson appeals from the judgment and from an order denying his motion for a new trial.

All of the respondents, other than Caruthers Building Company, derive their rights from that corporation, and we shall, therefore, in this opinion treat the controversy as if it were one between Johnson as appellant and Caruthers Building Company as the sole respondent.

Both of these parties claim under William Reid as the common source of title. In 1890 Reid executed a conveyance of the land to one Wannop. In 1906 Wannop and Reid made quitclaim deeds of the land to C. B. Williams. All of these deeds were duly recorded, and they vested the record title, from 1906, in Williams. He claimed to own the property in fee by virtue of them. In June, 1906, Williams borrowed of the German American Savings Bank the sum of three thousand five hundred dollars, for which he gave his promissory note, secured by a deed of trust to Union Trust and Realty Company as trustee. In November, 1906, Reid brought an action against Williams, German American Savings Bank, and Union Trust & Realty Company, in which he sought an adjudication that his conveyance to Wannop and the subsequent deeds from Wannop and himself to Williams, although absolute in form, were in fact mortgages. The trial resulted in findings in favor of this contention, and judgment was rendered on March 17, 1909, directing the plaintiff to pay to the German American Savings Bank the sum of three thousand five hundred dollars, with interest,

due it under the note of Williams; directing said German American Savings Bank, upon payment of said sum, to cancel and deliver to Williams his promissory note and to give him a release of the indebtedness, and requiring the Union Trust & Realty Company, upon payment of said moneys to the savings bank, to reconvey the property to the plaintiff Reid. No appeal was ever taken from this judgment.

On October 22, 1909, Reid conveyed the land by deed of grant to one Hunter, and on August 24, 1909, Hunter conveyed by a like deed to Ilex Realty Company, a corporation. On November 3, 1909, Ilex Realty Company made a deed of trust to Union Trust and Realty Company in favor of the German American Savings Bank to secure a loan of three thousand two hundred dollars. On or about the same date, the three thousand five hundred dollars required to be paid under the judgment of March 17, 1909, was paid to the savings bank, the releases provided for in that judgment were duly made, and Union Trust & Realty Company executed its deed to Reid. The evidence shows that the payment to the savings bank was made by Ilex Realty Company. Thereafter, the Ilex company defaulted in the payment of its three thousand two hundred dollar debt, and Union Trust and Realty Company sold the property under the power conferred upon it by the deed of trust from Ilex Realty Company. The appellant, Johnson, purchased at such sale, paying for the land the sum of $6,250. The trustee's deed to Johnson was executed under date of October 24, 1910. The time to appeal from the judgment declaring Reid to be the owner of the land had expired when the trustee's sale to Johnson was made.

After all of these transactions, however, the court granted a motion of Williams for a new trial in the action of *Reid* v. *Williams,* and subsequently entered a judgment declaring Williams to be the owner of the property. This judgment was entered on the twenty-fifth day of May, 1911, and it, too, became final. Plaintiff claims under subsequent conveyances from Williams.

At the time of Johnson's purchase the papers on file in the action of *Reid* v. *Williams* included a notice of intention on the part of Williams to move for a new trial. There was nothing to show that this notice had been served on German American Savings Bank or on Union Trust & Realty Company, and the undisputed evidence in the case at bar is that

there was no such service. Nor was there any file or record in the case of *Reid* v. *Williams* to indicate that anything further had been done with regard to the proposed motion. The granting of Williams' motion for a new trial and the rendition of judgment in his favor were the result of an agreement between the guardian of Reid (who had been adjudged incompetent) and Williams, the motion for new trial having been granted by consent and the subsequent judgment rendered upon stipulation.

The parties to the present appeals argue a variety of propositions bearing upon the ultimate question whether Johnson, purchasing Reid's title after the time to appeal from the first judgment had expired, is in the position of an innocent purchaser for value, or whether he had constructive notice of the pendency of a motion for new trial which might result in the vacating of the judgment on which he relied. We find it necessary to consider only one of the points made by the appellant in this behalf. Let it be assumed that the existence, among the papers on file, of a notice of intention to move for new trial imparted information of everything to which such notice, if properly given, might lead, including the possible vacating of the judgment in Reid's favor. It appears, however, that the notice in *Reid* v. *Williams,* was not such as to confer upon the court jurisdiction to grant a new trial. A proceeding for new trial is initiated under our statute (Code Civ. Proc., sec. 659) by filing and serving upon the adverse party, within a given time, a notice of intention to move for such new trial. The "adverse party" upon whom the notice is to be served is "every party whose interest in the subject matter of the motion is adverse to or will be affected by the granting of the motion or changing the former decision of the court." (*Herriman* v. *Menzies,* 115 Cal. 16, [56 Am. St. Rep. 82, 35 L. R. A. 318, 44 Pac. 660, 46 Pac. 730].) The failure to serve the notice upon all adverse parties deprives the superior court of jurisdiction to grant the motion. (*Herriman* v. *Menzies,* 115 Cal. 16, [56 Am. St. Rep. 82, 35 L. R. A. 318, 44 Pac. 660, 46 Pac. 730] ; *Johnson* v. *Phenix Ins. Co.,* 146 Cal. 571, [80 Pac. 719] ; *Niles* v. *Gonzalez,* 155 Cal. 359, [100 Pac. 1080].) The failure to serve a given party will not deprive the court of jurisdiction to grant the motion in so far as it can be granted without affecting the rights of the party not served. Here, however,

the findings and judgment in *Reid* v. *Williams* were such that
no favorable action could be taken upon the motion without
impairing the rights of the German American Savings Bank,
one of the parties not served. The judgment directed the
plaintiff Reid to pay to that party the sum of three thousand
five hundred dollars, the amount of its mortgage. The situa-
tion is substantially the same as that presented in *Johnson* v.
*Phenix Ins. Co.,* 146 Cal. 571, [80 Pac. 719], and *Niles* v.
*Gonzalez,* 155 Cal. 359, [100 Pac. 1080], in each of which it
was held that the party occupying a relation analogous to
that of the savings bank here was an adverse party, service
upon whom was necessary to vest the court with jurisdiction
to entertain a motion for new trial.

Regardless, therefore, of the question of constructive notice
to Johnson, the proceedings looking to a new trial were nuga-
tory, and Johnson was entitled to stand upon the first judg-
ment as a final adjudication of the rights of the parties. The
respondents do not dispute the soundness of appellant's con-
tention that service of the notice of intention upon the savings
bank was necessary. They contend, however, that Johnson,
not being a party to the action of *Reid* v. *Williams,* is not in
a position to raise the point. This contention cannot be sus-
tained. The action was one to determine the title to real
property. Although Reid was the original plaintiff, he had
parted with his title, and it had become vested in Johnson
before the motion for new trial was presented. Johnson
was, therefore, the real party affected by any proceedings in
the case of *Reid* v. *Williams,* and it must certainly be open
to him to object that any steps taken in that case, affecting
his claim of title, were unauthorized.

The findings and rulings based upon the theory that the
interest of Johnson could be impaired by the granting of a
new trial and the rendition thereafter of a judgment in favor
of Williams cannot, accordingly, be upheld.

The court made further findings that the conveyances from
Reid to Hunter and from Hunter to Ilex Realty Company
did not convey any title to said real estate, because the deed
from Reid to Hunter was without consideration, and was
procured by means of a false representation by Hunter.
These findings are without support in the evidence. Even
if supported, however, they would not justify a judgment
against Johnson in the absence of a further finding that John-

son took with notice of the alleged defects in Hunter's title. There is no pretense of any evidence that he did so take.

We do not feel called upon to go into the further question, raised by appellant, that the granting of a new trial in *Reid* v. *Williams* and the rendition of the second judgment in that action were fraudulent as to him. It may be said, however, that we find it difficult to see how, in fairness and justice, Johnson's title can be swept away in favor of the subsequent purchasers from Williams. Under the original judgment Reid was declared to be the owner of the property, and was required to pay a note for three thousand five hundred dollars given by Williams to the savings bank. Reid's title passed to the Ilex Realty Company, which paid this note and the mortgage. Williams obtained the benefit of this payment and was released from his obligation on the note. Johnson claims under Ilex Realty Company and he paid $6,250 for the land. After all this Williams comes in, and without restoring the benefit which he has received by the payment of his debt, or offering any reimbursement to those who have advanced money on the faith of Reid's ownership, claims (through himself and his grantees) title to the land under an order setting aside the judgment by virtue of which he has received and retained benefits. It cannot be that the law will permit such an effort to succeed.

The judgment and the order denying the new trial are reversed.

Shaw, J., and Lawlor, J., concurred.