STOCKMEN'S NATIONAL BANK OF FORT BENTON,
APPELLANT, v. HOFELDT ET AL., DEFENDANTS; BOGY
MERCANTILE CO., RESPONDENT.

(No. 3,803.)

(Submitted October 5, 1917.   Decided November 15, 1917.)

[169 Pac. 48.]

*Mortgages—Judgment Liens—Priority of Equitable Titles—
Public Lands—Attachment.*

Mortgages—Judgment Liens—Priority of Equitable Titles.
   1.   The lien of a judgment is a general one, and must yield to all prior equitable titles in others.
Public Lands—Attachment.
   2.   An attachment does not lie against the inchoate right an entryman of desert land has therein before issuance of patent.
Same—Entry not Assignable.
   3.   A desert land entry is not assignable to or for the benefit of a corporation or association, under the Act of Congress of March 28, 1908. (Chap. 112, sec. 2, 35 Stat. 52.)
   [As to encumbrances by pre-emptors and other claimants, see note in 52 Am. St. Rep. 249.]

*Appeal from District Court, Blaine County, in the Eighteenth
Judicial District; John A. Matthews, Judge of the Fourteenth
District, presiding.*

ACTION to foreclose a mortgage by the Stockmen's National Bank of Ft. Benton, a corporation, against Herman H. Hofeldt, Edith J. Hofeldt, George W. Duffield, Emma Duffield, and the Bogy Mercantile Company, a corporation. From a judgment and decree giving preference to a lien of the Mercantile Company, the plaintiff appeals. Modified and affirmed.

*Messrs. Stranahan & Stranahan,* for Appellant, submitted a brief; *Mr. F. E. Stranahan* argued the cause orally.

As between Edith J. Hofeldt, mortgagor, and the plaintiff bank, mortgagee, a constructive trust arose wherein the mortgagor held the tract omitted by mistake from the description of lands in the mortgage, in trust for the mortgagee, to the extent

of the debt to secure which the mortgage was given, and the defendant Bogy Mercantile Company, by its judgment, acquired a lien subject to this trust. "Through the instrumentality of a constructive trust relief has been granted where a portion of the land intended to be conveyed was, by mistake, omitted from the deed." (15 Am. & Eng. Ency. Law, p. 1186, citing *Hensler* v. *Sefrin,* 19 Hun (N. Y.), 564.)

*Mr. R. E. O'Keefe,* for Respondent, submitted a brief.

One who files upon a desert land entry acquires a valuable right in the land embraced therein; he is the owner of the buildings and structures placed thereon, he has a right of possession, and he has such a right in the lands that he may mortgage or sell the same. (U. S. Comp. Stats. 1913, secs. 4674, 4678, 4679, 4682.) The government permits a desert land entryman to sell such entry, restricting the right of sale to such persons as are themselves qualified to enter lands under the desert land Act. (Sec. 4682, *supra.*) Mere possessory interests on public lands may, in most of the states, be sold under execution, except where their sale would interfere with the laws of the United States with regard to the disposal of those lands. (1 Freeman on Executions, sec. 175.)

The interest of a settler upon public lands in a town site laid out in pursuance to the Acts of Congress is attachable. (*Fessler* v. *Haas,* 19 Kan. 216.) Possessory right of a mine upon public lands is attachable. (*McLaughlin* v. *Kelly,* 22 Cal. 211.) Every species of property, whether real or personal, which is capable of being taken under a levy and execution is attachable. (Drake on Attachments, 6th ed., 263; 1 Am. & Eng. Ency. of Law, 1, p. 911.) All goods, chattels, moneys and other property, both real and personal, or any interest therein of the judgment debtor, not exempt by law, and all property or rights of property seized and held under attachment in the action, are liable to execution. (Rev. Codes, sec. 682; *Fish* v. *Fowlie,* 58 Cal. 373; *Keene* v. *Sallenbach,* 15 Neb. 200, 18 N. W. 75; *Brooke* v. *Eastman,* 17 S. D. 339, 96 N. W. 699; *Phoenix*

*Min. & Mill. Co.* v. *Scott,* 20 Wash. 48, 54 Pac. 777; *Forbes* v. *Gracey,* 94 U. S. 762, 24 L. Ed. 313; *McKeon* v. *Bisbee,* 9 Cal. 137, 70 Am. Dec. 642; *Merced Mining Co.* v. *Fremont,* 7 Cal. 317, 68 Am. Dec. 262; *Manuel* v. *Wulff,* 152 U. S. 505, 38 L. Ed. 532, 14 Sup. Ct. Rep. 651; 1 Freeman on Executions, sec. 175.)

HONORABLE R. LEE WORD, a Judge of the First Judicial District, sitting in place of the Chief Justice, delivered the opinion of the court.

Plaintiff and appellant brought this action to foreclose a number of mortgages, only one of which is material to a consideration of the questions presented on this appeal.

Prior to the tenth day of May, 1911, Edith J. Hofeldt had entered as a desert claim certain lands in Chouteau county, particularly described in the pleadings. On May 10, 1911, the defendant Bogy Mercantile Company, a corporation, commenced an action against the defendants Herman H. and Edith J. Hofeldt, in the district court of Chouteau county, and caused a writ of attachment, issued in said cause, to be levied upon said desert land entry of the defendant Edith J. Hofeldt on June 21, 1911. On October 5, 1911, judgment by default in the sum of $2,451.88 was entered against the defendants in said action. Execution issued on said judgment. On the 9th of December, 1911, said desert entry was sold to the defendant Bogy Mercantile Company and a sheriff's certificate of sale issued therefor. Said property was not redeemed within the time allowed by law, and on December 20, 1912, the defendant Bogy Mercantile Company received a sheriff's deed for said property. This deed was never recorded. On August 19, 1911, the defendant Edith J. Hofeldt made her final proof on her desert claim. On the same day said defendant, by way of further security for her indebtedness to plaintiff theretofore existing, executed a mortgage to plaintiff which was intended to include all of said desert land entry; but, as the court found, there was omitted from said mortgage, by the mutual mistake of both parties, ''lot 2, section 7, township 28 north, range 19

east." On November 16, 1911, the defendant Edith J. Hofeldt executed and delivered to plaintiff a new mortgage, covering said lot No. 2 so omitted from her said mortgage of August 19, 1911. Finding of fact No. 4 is as follows: "That said mistake was the mutual mistake of the parties, and the property described in the last-mentioned mortgage was the land embraced within the Edith J. Hofeldt desert entry." The court further found that: "As between said defendant Hofeldt and this plaintiff, said mortgage (on said lot 2) was a lien against said property, but not a valid lien against said property, as against attachment creditors, or a judgment secured in good faith on a valid existing debt against said Hofeldt, prior to November 16, 1911, the date of said correction mortgage."

The court further found that prior and up to the nineteenth day of August, 1911, the title to the lands embraced within the desert entry of said Edith J. Hofeldt was in the government of the United States, and that the attachment levied in the action of the Bogy Mercantile Company against the defendant Hofeldt was of no effect, but that the judgment of said Bogy Mercantile Company against Hofeldt of October 5, 1911, was a valid lien against said lot 2, of said section 7, and that the sheriff's deed for said land to said company was a valid deed. From a judgment and decree giving preference to the lien of the judgment of October 5, 1911, in favor of the defendant Bogy Mercantile Company as against the corrected mortgage to plaintiff of November 6, 1911, the plaintiff has appealed.

In his brief, counsel for the defendant and respondent Bogy Mercantile Company takes the position that the court below was correct in holding that the lien of the judgment of October 5, 1911, was valid as against the corrected mortgage to the appellant, executed and delivered November 16, 1911, but that the court erred in its findings and conclusions upon which said judgment rests. Counsel for respondent now contends that the trial court erroneously found that the attachment lien of the defendant Bogy Mercantile Company was without effect, for that the legal title to the lands involved was, at the time of the

attachment, in the United States. The main contention and argument of counsel for respondent is that said attachment was valid as of the date it was made; that by it, respondent obtained a lien prior to any mortgage lien of appellant upon said desert claim, and that upon this theory, and for this reason, the judgment appealed from should be upheld.

This court is of opinion that the judgment on review cannot stand. Under the facts, the court was in error in holding that the judgment which respondent obtained against the defendant Hofeldt on October 5, 1911, took precedence of the mortgage to appellant of August 19, 1911, as corrected on November 16th [1] of the same year. The lien of a judgment is a general lien and must yield to all prior equitable titles in others. (*Rockefeller* v. *Dellinger*, 22 Mont. 418, 74 Am. St. Rep. 613, 56 Pac. 822; Pomeroy's Equity Jurisprudence, sec. 721.) Counsel for respondent does not contend otherwise. Nor can the judgment be upheld upon the theory that the attachment levied upon the lands embraced within the desert entry created a valid lien, contrary to the express finding of the court below.

Prior to the time when the defendant Edith J. Hofeldt made full payment for the land included within her desert entry, and complied with all the preliminary acts prescribed by law for the acquisition of title thereto, she had no vested interest in the lands occupied by her. Until she made final proof, she had but an inchoate right which would ripen into a complete equitable title when she had paid the full purchase price therefor, and had performed all the conditions requisite to entitle her to a patent. Up to the time when her right to a patent became a vested right, the power of disposing of said lands was in the United States, and this right could not be limited by any action or proceeding of third parties.

No case has been cited holding that an attachment lies against [2] an inchoate right of an occupant of public lands. By way of analogy, attention is directed to the fact that the laws of this state, with reference to the taxation of property, are broad and comprehensive. As to them, this court has held that

before public land in the possession of an occupant thereof "can be taxed by the state as the property of the beneficial owner, a perfect equitable title must be vested, and the consideration fully paid to the United States." (*Johnson* v. *County of Lincoln,* 50 Mont. 253, 146 Pac. 471.)

If the defendant Bogy Mercantile Company can be said to [3] be an assignee of the defendant Edith J. Hofeldt, it must be an assignee by operation of law. But this cannot be, for the Act of Congress of March 28, 1908 (U. S. Comp. Stats. 1916, sec. 4682), concerning desert lands, provides that "no assignment of an entry" thereof made "to or for the benefit of any corporation or association shall be authorized or recognized."

Our conclusion is that neither by the attachment of June 21, 1911, nor by the judgment of October 5, 1911, did the defendant Bogy Mercantile Company acquire any rights in or to the desert entry of the defendant Edith J. Hofeldt prior or superior to the lien of the mortgage of the plaintiff thereon.

This cause is remanded to the district court, with directions to modify the judgment herein, so as to establish the priority of plaintiff's mortgage on lot 2 of section 7, in township 28 north, range 19 east, in Blaine county, Montana, over any interest or claim of the defendant Bogy Mercantile Company to said land; to include said lot 2 in the order of foreclosure, and direct foreclosure of the mortgage on said lot 2, together with the other lands mentioned in said judgment, and when so modified, the judgment will stand affirmed. The plaintiff and appellant will recover its costs of this appeal as against the defendant Bogy Mercantile Company.

*Remanded with directions.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.

MR. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing decisions.