PEASLEY, RESPONDENT, *v.* TROSPER ET AL., APPELLANTS.

(No. 7,607.)

(Submitted November 20, 1936. Decided December 5, 1936.)

[63 Pac. (2d) 131.]

402

*Mr. R. H. Wiedman* and *Mr. Loyd I. Wallace,* for Appellants, submitted a brief; *Mr. Wiedman* argued the cause orally.

*Mr. John G. Brown* and *Mr. William A. Brown,* for Respondent, submitted a brief; the latter argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

Plaintiff, an adjoining landowner of the defendants, brought this action seeking an injunction restraining the latter from obstructing an alleged road.

The lands owned by these parties are within the Flathead Indian Reservation; those now owned by the plaintiff having been acquired by him by deed dated August 15, 1933, from Julia McLeod. Julia McLeod was a member of the Flathead Tribe and an allottee of these lands for which she received a fee patent on November 15, 1917. The lands owned by the defendants were allotted to Nancy McLeod, a member of the Flathead Tribe, who received a fee patent to them on January 24, 1930; subsequently she conveyed the lands to the defendants.

Across the allotment of Nancy McLeod there existed for many years a road or trail, with gates maintained thereon. This road or trail led from a public highway to the lands of the plaintiff and was used generally for many years by persons desiring to visit the premises of the plaintiff. This is the road which plaintiff asserts is a public road and seeks by this action to prevent its obstruction by the defendant, who has nailed up the gates and thereby prevented its use.

Over objection on the trial plaintiff was permitted to offer in evidence an application made by the board of county commissioners of Lake county to establish a highway substantially on the location of this alleged road or trail, which bore the date of July 26, 1929, and which was approved, subject to the provisions of certain Acts of Congress and regulations. of the Department of the Interior, by the superintendent of the Flathead Indian agency. As a part of this document is a consent signed by Nancy McLeod, the allottee, on July 26, 1929, and approved by the same agency superintendent on November 7, 1929. None of these documents are acknowledged, and, although found in the office of the county clerk of Lake county, they bore no filing mark indicative of their being a part of the records of that county.

The evidence is to the effect that this road or trail was during the course of its existence not along a fixed and definite course, but was changed, particularly on one end of it, at least twice, and some witnesses testified as to its having been changed four different times.

The cause was tried before the court sitting without a jury. Both parties to the action submitted proposed findings of fact and conclusions of law. Following this, the court adopted its findings of fact from among those submitted, refused certain of those proposed, and made its conclusions of law. A judgment was entered in conformity with the findings of fact and conclusions of law, requiring the defendants to remove the gates and obstructions from the road, and enjoining and restraining the defendants perpetually from the obstruction of, or the in-

terference with the free use and travel of this strip of land. The court found that no highway was established by prescription. The appeal is from the judgment.

Defendants have made many specifications of error upon the admission of testimony over objection, findings of the court, its refusal to make certain requested findings, the conclusions of law as made by the court, failure to make requested conclusions of law, and in rendering the judgment and decree.

The primary question for solution in this case, is, Was the evidence sufficient to warrant the trial court in finding that this particular road was a public road? Public highways are defined or enumerated by section 1612 of the Revised Codes, as follows: "All highways, roads, lanes, streets, alleys, courts, places, and bridges laid out or erected by the public, or now traveled or used by the public, or if laid out or erected by others, dedicated or abandoned to the public, or made such by the partition of real property, are public highways."

In the case of *Barnard Realty Co.* v. *City of Butte*, 48 Mont. 102, 136 Pac. 1064, this court in construing the above statute said: "We think, however, as we said in *State* v. *Auchard*, 22 Mont. 14, 55 Pac. 361, that the intention was to declare those only to be public highways which had been established by the public authorities, or were recognized by them and used generally by the public, or which had become such by prescription or adverse use at the time the provision was enacted. Any other view would, in our opinion, render the legislation open to serious constitutional objection (Const., sec. 14, Art. III)."

Although no cross-assignment of error is made on behalf of the plaintiff, it is intimated, if not urged, in his brief that the court was in error in not finding that a road had been established by prescription. The evidence, in addition to that set forth, disclosed that the county had never graded the road. Some relief workers in charge of a road supervisor of the county and using county-owned tools and appliances, at one time made some repairs on a bridge across an irrigation ditch on this road; the relief workers were not paid by the county.

What we said in the case of *Maynard* v. *Bara,* 96 Mont. 302, 30 Pac. (2d) 93, demonstrates conclusively that the trial court was correct in holding that no road was established by prescription or user; therein it was written: "In order to establish a public highway by prescription, without color of title, by proof of travel over it for the statutory period, the testimony must definitely show a use of the identical strip of land over which the right is claimed. (*Pope* v. *Alexander,* 36 Mont. 82, 92 Pac. 203, 565.) This court in the case of *Violet* v. *Martin,* supra [62 Mont. 335, 205 Pac. 211], said: 'To arrive at a conclusion that a way over the lands of another is a public road, the evidence must be convincing that the public have pursued a definite, fixed course continuously and uninterruptedly, and coupled it with an assumption of control and right of use adversely under claim or color of right, and not merely by the owner's permission, over it for the statutory period (five years before the adoption of the 1895 Code and ten years since), without which prescriptive rights cannot attach.' This statement was quoted with approval by this court in the case of *Moulton* v. *Irish,* supra [67 Mont. 504, 218 Pac. 1053]. A fixed and definite course does not permit of any deviation. (*Violet* v. *Martin,* supra.) The occupancy or use by the public of one portion of the road does not avail it in its claim to another portion not occupied by it. In any case the public may obtain title by adverse possession of that only which it has occupied during the full statutory period. (*Scott* v. *Jardine Gold M. & M. Co.,* 79 Mont. 485, 257 Pac. 406.) * * * Before a road may be established by prescription over the lands of another, the evidence must be clear and convincing that the use of the road by the public was adverse and not merely permitted by the landowner. (*Violet* v. *Martin,* supra.) The fact that a passage of a road has been for years barred by gates or other obstructions to be opened and closed by the parties passing over the land, has always been considered as strong evidence in support of a mere license to the public to pass over the designated way. (*Quinn*

v. *Anderson,* 70 Cal. 454, 11 Pac. 746; *Huffman* v. *Hall,* 102 Cal. 26, 36 Pac. 417; *De la Guerra* v. *Striedel,* 159 Cal. 85, 112 Pac. 856.) Our own decision in the *Violet Case,* supra, with reference to the obstruction of a road by gates, is in accordance with the foregoing statement. Evidence of use by the public of a road obstructed by gates, standing alone, is insuffi-. cient to establish a highway by prescription.''

The question is thus narrowed, so that the inquiry now is: Was this road established as a public road by some other method? As we understand, it is the contention of the plaintiff that when the superintendent of the Indian agency approved the application of the board of county commissioners it, together with his approval of the consent of the allottee, amounted to a grant of a right of way for the road which was accepted by the public as evidenced by its travel and use over the road, and by the action of the road supervisor in repairing the bridge. Counsel for the defendants contend that these various papers were not admissible in evidence, and, if admissible, nevertheless the evidence was insufficient to show the establishment of a public highway or road. As we understand the contentions of the respective parties, it is that the granting of rights of way across Indian lands is regulated by section 311, Title 25, U. S. C. A. That statute was enacted on March 3, 1901, and is section 4, Chapter 832, 31 Stat. 1084.

In the consent or approval given by the superintendent of the Indian agency it is stated that the application is approved subject to the provisions of the Act of March 4, 1915, 38 Stat. 1188, and also departmental regulations thereunder. That Act is divided into two sections, the first of which relates exclusively to the laying out and opening of public roads and highways across certain Indian reservations in the state of Nebraska. Section 2 relates to the opening of such roads and highways across Indian reservations in the state of Montana, and reads as follows: ''That the legal authorities charged with the duty of laying out and opening public roads and highways under the laws of the state of Montana, having jurisdiction

over any territory embraced within any Indian reservation in Montana, are hereby authorized and empowered to lay out and open public roads within any of the said Indian reservations in conformity to and in accordance with the laws of the state of Montana relating to the laying out and opening of public roads, and that any public road when so laid out and opened shall be deemed a legal road; Provided, That such road authorities shall, in addition to notifying the landowners as provided in the state laws, likewise serve notice upon the superintendent in charge of the restricted Indian lands upon which it is proposed to lay out a public road, and shall also furnish him with a map drawn on tracing linen showing the definite location and width of such proposed road, and no such road shall be laid out until after it has received the approval of such superintendent.''

This court has held that regulations of the Department of the Interior shall be judicially noticed by the courts. (*Johnson* v. *Lincoln County,* 50 Mont. 253, 146 Pac. 471.) The regulations of the Department of the Interior concerning rights of way over Indian lands which were approved May 22, 1928, contain regulations numbered 49 to 52, relative to public highways over Indian lands in states other than Nebraska or Montana. Regulations numbered 53 to 55, inclusive, relate to the opening of public highways over Indian lands in Montana and Nebraska. The quoted section of the Act of March 4, 1915, is not carried forward into the United States Codes Annotated.

The Act of Congress under which the Codes were compiled and published, which contains the provisions of the United States Code Annotated, provides in subsection a of section 2: ''The matter set forth in the Code, evidenced as hereinafter in this section provided, shall establish prima facie the laws of the United States, general and permanent in their nature in force on the 7th day of December, 1925; but nothing in this Act shall be construed as repealing or amending any such law, or as enacting as new law any matter contained in the Code.

In case of any inconsistency arising through omission or otherwise between the provisions of any section of this Code and the corresponding portion of legislation heretofore enacted, effect shall be given for all purposes whatsoever to such enactments." An interesting article appears in 12 American Bar Association Journal, 833, on the legal status of the new Federal Code. Thus it appears, both from the provisions of the statute and the approval by the superintendent of the Indian agency, that the method of establishing a public road and securing a right of way over Indian lands is regulated, so far as the federal statutes are concerned, by section 2 of Chapter 161, 38 Stat. 1189, quoted supra.

Passing now to the contention that this application, consent and approval were inadmissible: An examination of this quoted section of the federal statutes reveals that the superintendent in charge of the restricted Indian land is the official, as to Indian lands in Montana, who may grant consent, and therefore the contention that it was necessary to secure this consent from the Secretary of the Interior is without merit, although, if proceeding elsewhere under section 311, Title 25, U. S. C. A., the rules of the Department of the Interior referred to supra, Nos. 49 to 52, inclusive, indicate that it is necessary to secure the consent of the Secretary of the Interior. Rule 55 provides that the original map filed with the application is retained in the superintendent's office, "and the other parts, if any, with approval noted thereon, shall be returned to the applicants."

This application and the consents were not filed as a record of Lake county; it is contended that they were merely copies. The letter of transmittal by the superintendent of the Indian reservation refers to them as copies. However, the county clerk and recorder testified that they contained the signatures of the county commissioners and of the Indian superintendent. Under the rule to which we have referred it was the duty of the Indian superintendent to return the original documents to the applicants. These rules have the force of law. (*Johnson*

410

v. *Lincoln County*, supra.) Section 33 of section 10606, Revised Codes, declares the disputable presumption that the law has been obeyed. While there may be some merit in the contention that these documents might not be admissible as a part of the records of the office of the county clerk and recorder of Lake county, nevertheless they were properly admissible in evidence in view of the foundation laid as original documents.

Under the Act of Congress of March 4, 1915, supra, a road across Indian lands in Montana is deemed a public road when it is opened and laid out by the legal authorities charged with the duty of laying out and opening public roads under the laws of this state having jurisdiction of the territory embraced within an Indian reservation.

Chapter 143, sections 1635 to 1651, Revised Codes, contains our various statutory provisions with reference to the opening and laying out of public highways. They also relate to the manner of altering and vacating them. It was agreed on the trial in open court that no attempt had been made to lay out or open this highway pursuant to these statutory provisions. Accordingly, the road has never been laid out or opened by the highway authorities in conformity with the laws of the state of Montana. (See *French* v. *Lewis and Clark County*, 87 Mont. 448, 288 Pac. 455.) Hence the plaintiff failed to establish that this was a public road.

The trial court was in error in refusing to find that the road had never been opened or established by the road authorities and in concluding as a matter of law that the county of Lake had acquired an easement and right of use to this road, and that the plaintiff was entitled to an injunction enjoining interference by the defendants or requiring the defendants to remove gates and fences from the road, and in entering a judgment accordingly.

The trial court apparently took the position that the only thing necessary to complete the right of Lake county to maintain a public road across these lands was to record the above

documents which we have held properly admissible, doubtless proceeding under the provisions of section 1651, Revised Codes. Counsel for the respective parties neither by brief nor oral argument invited our attention to the controlling statute nor to the regulations of the Department of the Interior, and therefore it is not strange that the trial court fell into error. In order to establish a road across Indian lands after securing the consent of the superintendent of the agency, it is necessary for the county or state authorities seeking to establish the road to proceed under our statutes for opening and laying out the road, unless a road has been established by user.

In view of the positive stipulation that these statutes have not been complied with and the finding of the trial court, which is amply and in fact conclusively supported by the evidence that there was no road by prescription or user, the judgment is reversed and the cause remanded with directions to the trial court to amend its findings and conclusions of law in conformity with the views herein expressed, and to enter judgment of dismissal of plaintiff's complaint.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES STEWART and MATTHEWS concur.

MR. JUSTICE MORRIS, being disqualified, takes no part in the foregoing decision.

Rehearing denied January 23, 1937.