## MEDLOCK v. OWEN.

### Opinion delivered December 9, 1912.

1. HIGHWAY—ADVERSE POSSESSION—PRIVATE WAY.—In order that one may acquire a private right-of-way across another's land, the use must be under a claim of right and not permissive, and must be used openly, continuously and adversely for seven years. (Page 462.)

2. APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S FINDINGS.— A chancellor's findings of fact will not be disturbed on appeal unless it is clearly against the preponderance of the evidence. (Page 462.)

Appeal from Clark Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*Callaway & Huie,* for appellant.

A servitude was imposed across the land by appellant's grantor, thereby establishing a private road or way necessary to a reasonable enjoyment of the tract; and seven years' use, open, notorious and adverse, is a bar under our statutes and decisions. Kirby's Dig., § 623; 14 Cyc. 1166; 49 Am. Dec. 94; 13 *Id.* 747, note; 98 Mass. 50; 59 N. J. Eq. 46; 33 Atl. 802; 190 Pa. St. 536; 35 Am. Dec. 464, note; 128 Ind. 421; Bishop, Non-Cont. Law, § 872; 47 Ark. 66-72; 79 Ark. 5; 83 *Id.* 236.

*McMillan & McMillan,* for appellee.

This is a case of a simple or voluntary license, revocable at the pleasure of the grantor. The use was permissive merely. 19 Ark. 23; 59 *Id.* 35; 86 Am. St. 74, note; 89 Am. Dec. 755; 122 Am. St. 209; 86 Am. Dec. 74; 5 Am. St. 87; 102 *Id.* 109; 85 Am. Dec. 675; 47 Ark. 436.

HART, J. J. A. Hardage died intestate, owning the southeast quarter of the southwest quarter and the southwest quarter of the southeast quarter of section 14, township 7 south, range 20 west, in Clark County, Arkansas. In the latter part of 1897 or 1898 J. A. Medlock entered into a contract with the executors of the estate of J. A. Hardage, deceased, to purchase the south half of the first mentioned forty-acre

tract.  He immediately went into possession of the land, and in two years thereafter finished paying for it.  On the 29th day of February, 1904, the executors of said estate executed to him a deed to said twenty acres of land.  In 1901 or 1902 W. P. Owen purchased the last mentioned forty-acre tract of land from the estate of J. A. Hardage, deceased.  It is adjoining and east of the twenty acres purchased from said estate by Medlock.  Medlock owned forty acres of land immediately south of that purchased by W. P. Owens, and on this tract his residence was situated.  At the time Medlock purchased the twenty acres of land from the Hardage estate there was a tenant house on it; a dim roadway wide enough for a wagon to travel ran from his tenant house across the forty acres of land purchased by Owens from the Hardage estate in a northerly direction to the public road from Arkadelphia to Mount Ida.  There was a well-defined road running northward from Medlock's residence across the land purchased by Owens from the Hardage estate to the Arkadelphia and Mount Ida road.  Owens cleared up his land and attempted to fence up the private road running from Medlock's tenant house to the public road.  He left open the road running from Medlock's residence to the public road, and also left a road on the south side of his land running from Medlock's residence to his tenant house.

Medlock instituted this suit in the chancery court to enjoin Owens from fencing up the road from his tenant house to the public road.

The evidence introduced by him tended to show that he and his tenant had continuously used said private road as a passageway since he purchased the twenty acres of land from the Hardage estate and went into possession thereof, and that his use of the road was adverse and under a claim of right so open and notorious as to put Owens on notice thereof.

The evidence introdcued by Owens tended to show that he had resided near there since the purchase of the land by him in 1901 or 1902, and that the use of the private road in controversy was by his permission.

The chancellor found that the use of said road by the plaintiff Medlock was a permissive one, and that the road

in controversy was not necessary as a way to or from his land. The case is here on appeal.

The law applicable to cases of this sort is settled by the case of *Clay* v. *Penzel*, 79 Ark. 5. There Mr. Justice RIDDICK, speaking for the court, said:

"Whether these plaintiffs used this strips as a private passway or as a public alley is not very material, so far as this case is concerned, for a private way over the land of another may be acquired by adverse use in the same time that the public may acquire the right to a public highway by adverse user. In either case the use must be under a claim of right, and not permission. The way in either case must be used openly, continuously and adversely under a claim of right for the full period of the statute of limitations, which in this State is seven years." (Citing authorities).

As we have already stated, there was a direct conflict in the evidence, and the chancellor found in favor of the defendant.

We do not deem it useful or necessary to make a detailed statement of the facts or to go into a discussion of them. Under the settled rule of this court, the finding of facts made by a chancellor will not be disturbed on appeal unless it is clearly against the weight of the evidence. A careful consideration of the testimony leads us to the conclusion that the finding of the chancellor is not against the preponderance of the testimony, and this view is strengthened when we consider that the plaintiff had an almost equally accessible way to the public road by going along the road left open at the south end of the defendant's tract of land to the road leading from plaintiff's residence to the public road. Therefore, the decree will be affirmed.