Burk v. Diers.

---

JOHN C. BURK, APPELLEE, v. ROBERT DIERS ET AL., APPELLANTS.

FILED NOVEMBER 1, 1918. No. 20325.

1. **Highways: DEDICATION.** To constitute implied dedication by the owner of land of its use for a public highway, there must be present the intent to appropriate the land for public use. The intent may, however, be expressed in the visible conduct and open acts of the owner. If the acts are such as would lead ordinarily prudent men to infer an intent to dedicate, and they are so received and acted upon by the public, the owner cannot, after acceptance by the public, recall the appropriation.

2. ———: ———. In such case the facts and circumstances must be such as indicate an unequivocal intent to devote the strip of land to the public use.

102 Neb.—46

3. ——: ——. The passive permission by the owner of land of the use of it by the public is not alone evidence of an intent to dedicate it to such use. *Postal v. Martin*, 4 Neb. (Unof.) 534.

4. ——: ——. If a road claimed as a highway was a mere neighborhood road, much stronger evidence of a dedication or prescriptive right would be required than if it were a thoroughfare or a part of an acknowledged highway.

5. ——: ——: PRESCRIPTION. To establish a highway by prescription, it must appear that the general public, under a claim of right, and not by mere permission of the owner, has used the same without interruption for the statutory period of ten years.

6. ——: ——: ——: EVIDENCE. Evidence examined, and *held* not to show such intent to dedicate or reliance thereon and acceptance by the public as is necessary to constitute a public highway by dedication, nor such adverse user under claim of right by the public for a period of ten years as is necessary to establish a highway by prescription.

APPEAL from the district court for Dodge county: EDWARD E. GOOD, JUDGE. *Reversed.*

*Frank Dolezal,* for appellants.

*W. M. Cain* and *N. H. Mapes, contra.*

CORNISH, J..

Plaintiff owns the northwest quarter and defendant the southwest quarter of section 6. Suit to enjoin defendant from interfering with a strip of ground, 16 to 18 feet wide, running between the quarter sections. At its east end the south line of the strip lies three and one-half feet, and at the west end nine feet, south of the dividing line between the quarter sections. The trial court, finding it to be a public highway, granted the injunction. Defendant appeals.

We believe the court erred in its conclusion. If a public highway, it was acquired either by prescription or implied dedication. Both are urged. The law on this subject is not always clearly stated and is frequently difficult of application. Evidence to show dedication may also bear on the question of prescription, and

*vice versa.* No express dedication, either oral or written, is claimed.

Elliott, in his work on Roads and Streets, at section 191, says: "Prescription refers the right to the highway to the presumption that it was originally established pursuant to law by the proper authority, while dedication refers it to a contract either express or implied. Dedication implies a conveyance and an acceptance, while prescription requires an unbroken possession or user under a claim of right." On the subject of implied dedication, at section 138, he says: "It is essential that the donor should intend to set the land apart for the benefit of the public, for it is held, without contrariety of opinion, that there can be no dedication unless there is present the intent to appropriate the land to the public use. * * * The intent which the law means, however, is not a secret one, but is that which is expressed in the visible conduct and open acts of the owner. The public, as well as individuals, have a right to rely on the conduct of the owner as indicative of his intent. If the acts are such as would fairly and reasonably lead an ordinarily prudent man to infer an intent to dedicate, and they are so received and acted upon by the public, the owner cannot, after acceptance by the public, recall the appropriation." And, further, at section 144: "While it is true that the intent to dedicate may be inferred from facts without proof of express declarations, yet it is also true that the facts must be such as indicate an unequivocal intent to devote the strip of land to the public use." What constitutes an acceptance by the public, he says (section 170), "may be implied from a general and long continued use by the public as of right."

Speaking of prescriptive right, at section 194, the author says: "As a general rule, 'before a highway can be established by prescription, it must appear that

the general public, under a claim of right, and not by mere permission of the owner, used some defined way without interruption or substantial change, for a period of twenty years or more.' '' Under our statute relative to adverse possession it would be ten years.

We believe this, as a general statement of the law, is consistent with the previous decisions of this court. The case turns upon the facts.

As bearing upon either issue, prescription or dedication, somewhat depends upon the character of the road and the need of it for a public highway. On the section lines, both to the north and south, running east and west, were established highways. A half mile to the east and a half mile to the west of these quarters were also public roads running north and south. At the east the disputed road ended in a gate going onto private grounds, and two or three gates had to be gone through before one reached a public highway. At the west it came for outlet to another disputed road, now the subject of litigation in this court. It was not a public thoroughfare, nor used by the public, except when occasion might make it convenient in visiting those living in the territory inclosed by the public roads above described. Neither plaintiff nor defendant often used it. The public had no need of it for a thoroughfare, and hence would not be likely to claim it adversely as such, and for the same reason neither defendant nor plaintiff would care to dedicate it for public use.

Another important, sometimes made a controlling, fact in determining either adverse user by the public under claim of right, or intent to dedicate, is whether the public authorities have ever assumed control of the road or repaired it. If so, it is evidence either of adverse user or of intent to dedicate, or both. Here the public authorities never attempted to establish, control, or repair the road.

In *Lewis v. City of Lincoln,* 55 Neb. 1, we held: "To establish a highway by prescription. there must be a continuous user by the public under a claim of right, distinctly manifested by some appropriate action on the part of the public authorities, for a period equal to that required to bar an action for the recovery of title to land." See, also, *Hill v. McGinnis,* 64 Neb. 187. We have since held that such action on the part of the public authorities is not always necessary. The holding in the cases cited should probably not be construed as meaning that action by the public authorities is always necessary. In *Lewis v. City of Lincoln, supra,* our holding in *Engle v. Hunt,* 50 Neb. 358, is cited with approval. In the *Engle* case it is held, according to the general rule, that the prescriptive right may be established by adverse user alone. The general rule is that the adverse user must be with the knowledge of the owner, or so openly visible and notorious as to raise the presumption of notice to the world that the right of the owner is invaded intentionally, so that if he remains ignorant it is his own fault.

The road in controversy, if it was a road, which is disputed, was a neighborhood road. Oftentimes farmers or owners of city lots, out of mere generosity and neighborly feeling, permit a way over their land to be used, when the entire community knows that the use is permissive only, without thought of dedication or adverse user. This use ought not to deprive the owner of his property, however long continued. Such rule would be a prohibition of all neighborhood accommodations in the way of travel. *Hall v. McLeod,* 2 Met. (Ky.) 98. As held in *Postal v. Martin,* 4 Neb. (Unof.) 534, "The passive permission by the owner of lands of the use of them by the public is not alone evidence of an intent to dedicate them to such use."

The evidence shows that defendant never actually intended to dedicate this ground to public use. If such

Burk v. Diers.

had been the intention, the parties would have seen to it that each furnished half of the road when the fence was being built along the north side of it. We think it likely, as testified by defendant, that this fence was mistakenly thought to be the dividing line. Within the time required for the statute to run there was quarreling about the road, and the defendant more than once interrupted its use, some one shortly afterwards tearing away his inclosing fence.

No doubt, in the early days and before these lands were inclosed, there was a road in the vicinity of this road; but it was not this road, and, of course, when the lands came to be inclosed for farms, the old road ceased to exist. The use necessary to estop the owner from claiming his land must be such that interruption would affect private rights or public convenience. Where the public has exercised no control or dominion over the road, nor used it to such an extent as to inform the owner, exercising reasonable care for his rights, that the public is using it under claim of right, then neither implied dedication nor adverse user is shown. There is no evidence in this case that the general public has depended upon the existence of this road and will be seriously inconvenienced by the loss of it; nor have private persons made improvements in the belief that this is a road. In fact, the road is a cul-de-sac.

In this state, by statute, section lines are declared to be public highways; the law, however, requiring notice and payment of damages when the road is opened. The mere fact that a road is on a section line is, ordinarily, evidential of the claim that it is a public highway. This is so, because the public naturally regards a section line as a highway, and the owner of land would therefore have reason to believe that it was being used under claim of right. The instant road was not on the section line.

If the defendant had not at all times paid taxes on the ground he claims, going to the quarter section line, this would be a strong circumstance to show dedication. Note to *Ramstad v. Carr*, L. R. A. 1916B, 1175 (31 N. Dak. 504).

It should also be borne in mind, as a circumstance bearing upon adverse user or acceptance by the public, that when a public highway is declared the public is at once clothed with new duties and responsibilities, involving expense, in the care of it. Where the road is necessary or beneficial to the public, acceptance ordinarily will be presumed when dedication has been shown.

Plaintiff relies on *Brandt v. Olson*, 79 Neb. 612. That was a section line road. Plaintiff's grantors testified that it was recognized as a road for ten years. Witness Smith testified that, when owner, he "cultivated the land on the west side of the road, leaving the strip in controversy for the sole use of the public, intending that it should be used as a highway." The opinion also states that the plaintiff acquiesced in its use as a public highway.

We are of opinion that the evidence does not show such use by the public under claim of right, or such dedication of the land to the public by the owner, accepted by the public, as is necessary to make this a public highway either by prescription or dedication; nor do we think that the evidence shows that the plaintiff has acquired an easement in the defendant's land.

The judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.

MORRISSEY, C. J., dissents.

ROSE, J., not sitting.