VIOLET ET AL., RESPONDENTS, *v.* MARTIN, APPELLANT.

(No. 4,621.)

(Submitted January 30, 1922. Decided February 20, 1922.)

[205 Pac. 221.]

*Quieting Title—Highways—Complaint—Sufficiency—Ways of Necessity—Prescription—Evidence.*

Quieting Title—Highways—Complaint—Sufficiency.
    1. The complaint in an action to quiet title to land claimed as a private road or way of necessity is sufficient if it alleges ownership in plaintiff, obstruction of it by defendant and assertion and claim of right or interest therein by him adverse to plaintiff, that defendant's claim is without authority of law and invalid, and that the same constitutes a cloud upon plaintiff's title.

Same—Prescription—Complaint—Sufficiency.
    2. Complaint *held* sufficient to show that the pleader intended to rely upon the theory that a road became such by prescription and not by dedication, no facts having been pleaded to warrant the latter theory, references therein to dedication and abandonment not being, but the facts stated being, determinative of the character of the pleading.

Same—Highways—Evidence—Insufficiency.
    3. Evidence reviewed and *held* insufficient to establish either a private or public road by prescription.

Same—"Way of Necessity"—Definition.
    4. A "way of necessity" arises where one person grants to another land to which there is no access except by passing over other lands of grantor, and such a way cannot exist where there never was any unity of ownership of the alleged dominant and servient estates,

---

    4. Necessity as essential to creation of implied easement of right of way, see notes in 122 Am. St. Rep. 209; Ann. Cas. 1913C, 1113.

    Way of necessity where other possible modes of access exist, see notes in 17 L. R. A. (n. s.) 1018; 32 L. R. A. (n. s.) 1075.

since no one can have a way of necessity over the land of a stranger.

Same—Way of Necessity not Established by Reason of Convenience.

5. A way of necessity cannot be established by reason of convenience; hence where there are other ways, though longer and inconvenient because of muddy conditions at certain seasons of the year, such a way cannot be decreed.

Highways—Prescription—Evidence Required.

6. To establish a public road by prescription over the lands of another, the evidence must be clear and convincing that the public have pursued a definite, fixed course continuously and uninterruptedly, coupled with an assumption of control and right of use adversely under claim or color of title, and not merely by the owner's permission, for the statutory period.

*Appeal from District Court, Powell County; George B. Winston, Judge.*

ACTION by Fred T. Violet and others against John Martin. Judgment for plaintiffs, and defendant appeals from an order denying him a new trial. Reversed, with directions to dismiss complaint.

*Mr. W. E. Keeley* and *Messrs. Frank & Gaines,* for Appellant, submitted a brief; *Mr. R. F. Gaines* argued the cause orally.

*Mr. S. P. Wilson,* for Respondents, submitted a brief and argued the cause orally.

MR. COMMISSIONER AYERS prepared the opinion for the court.

Plaintiffs in the trial court, respondents here, brought this action, alleging a road to exist over the lands of defendant, setting forth their cause of action in two counts: First, as a private road or way of necessity, thirty feet wide, appurtenant to their several farm lands; and, second, as a public road sixty feet wide, by reason of user and prescription. The complaint is attacked by objection to the introduction of testimony for the reason that in each instance it fails to state a cause of action. The same road, except for width, is the basis of each count.

In the first count, the one dealing with the private road, plaintiffs allege ownership of farm lands, with homes thereon, belonging severally to them, in sections 4, 5 and 6, township 6 north, range 10 west, Montana meridian, in Powell county, lying north and northerly of the lands of the defendant in section 8, same township and range, over which all of the road in question passes; that there is no road or means of ingress or egress from the lands of plaintiffs to any public or county highway, except the road in question, and that, it is necessary for the plaintiffs to have and use said described road in going to and from their respective homes, to their market towns, or to their neighbors, or other places; and that it is necessary for the occupation, use and enjoyment of their said respective lands and homes to have and use the said road; that they own and of a right ought to have it; that the same is appurtenant to their respective lands. Then follow allegations of defendant's obstruction by way of gates and cultivation of the land during the year 1917; that he asserts and claims some right or interest in the road and the lands thereof adverse to plaintiffs, and that such claim is without authority of law, and is invalid; that his claim constitutes a cloud upon plaintiffs' title to said road; that defendant threatens to and will continue such obstruction unless restricted by an order of court and plaintiffs' title to the same quieted.

In the second count, the one dealing with a public road, the complaint in effect charges that the said road came into existence by reason of prescription and user, in that it has been continuously used by the public, with the exception of defendant's obstruction by way of gates and cultivation in the year 1917, for more than twenty-five years prior to the commencement of the action, namely, May 24, 1918. The defendant denies all of the allegations of both causes of action, except that he admits plaintiffs' ownership of the lands in sections 4, 5 and 6, as alleged by them, and he

asserts his title and ownership in the lands of section 8, over which the alleged road passes (admittedly this is a fact), and alleges the nonexistence of any road, either private or public, over his said lands.

The trial proceeded upon the issues above stated, by the court sitting without a jury, and, after hearing the testimony and viewing the road and premises, the court made its findings, conclusions of law, and decree on points in dispute substantially as follows: That the road is necessary for the operation, use, and enjoyment of plaintiffs' respective lands and homes, and that the same was and is appurtenant thereto; that the defendant in 1917, by gates and plowing, obstructed the said road, and threatens to continue the same; that defendant claims to be the owner in fee of the lands over which the road passes; that such claim is without authority of law, and is invalid, and is a cloud upon plaintiffs' title thereto, and the use thereof; that the said road is a way of necessity. This concludes the findings as to a private road. As a public road, the court found that immediately and continuously before the commencement of the action, for more than twenty-five years, the road described in the complaint had been a public highway, used and traveled by the public; that by such user the road was dedicated and abandoned to the public, and by reason thereof the said road for more than twenty-five years has been a public road. It found generally that the allegations of both causes of action were true, resolving the issues in favor of the plaintiffs, and concluded as a matter of law that the plaintiffs have a decree establishing the road as a public highway, and as a way of necessity, unobstructed; and that their title be quieted thereto. Decree was entered accordingly, adjudging said road to be: "A strip of ground thirty (30) feet on each side of the center line of said road, which center line is described as follows: Beginning at a point thirty (30) feet west of the quarter-section corner between sections eight (8)

and seventeen (17) of said township and range; thence north 3,580 feet, thence north 28 degrees 50 minutes east, 215 feet, thence, north, one (1) degree west 530 feet; thence north thirty-seven (37) degrees west, 160 feet; thence north 850 feet to a point thirty (30) feet west of the quarter-section corner between sections five (5) and eight (8) in township 6 north, range 10 west, M. M.''

Defendant appealed from an order overruling his motion for a new trial.

### ON THE MERITS.

Upon the theory that the first count sounds in one to [1] quiet title, and upon that theory alone, it can be upheld. Section 9479 of the Revised Codes of 1921, provides: ''An action may be brought and prosecuted to final decree, judgment, or order, by any person or persons, whether in actual possession or not, claiming title to real estate, against any person or persons, * * * who claim or may claim any right, title, estate, or interest therein, * * * adverse to plaintiff's ownership, or any .cloud upon plaintiff's title thereto, * * * for the purpose of determining such claim or possible claim, and quieting the title to said real estate. * * * ''

The allegations of ownership of the road in plaintiffs; obstruction of same by defendant; assertion and claim of right or interest therein ·by him, adverse to plaintiffs; that his claim is without authority of law and is invalid, and that the same constituted a cloud upon their title thereto—is sufficient to state a cause of action to quiet title. (*Merk* v. *Bowery Min. Co.*, 31 Mont. 298, 78 Pac. 519; *Pollock Min. & Mill Co.* v. *Davenport*, 31 Mont. 452, 78 Pac. 768.)

Appellant contends that the second count is bad because [2] in effect it charges two separate sets of acts, as bringing into existence the public road therein claimed: First, dedication, either by the public while the land was open, unappropriated, public domain of the United States, or by appellant

and his predecessors in interest; and, second, by prescription—user. With this view we cannot agree. A reading of this count in its entirety discloses that the pleader relies upon the theory that the road became a public one by reason of user. His reference to dedication and abandonment by the government and by defendant and his predecessors in interest has to do with its and their permission of the use for a period in excess of the statute, which would give the public title by limitation, by prescription, and he chooses to call it dedication and abandonment, but his giving it that name does not make it so in fact. No facts are pleaded to warrant a theory of dedication, but sufficient facts are shown to hold the pleadings sufficient on the theory of prescription.

The complaint withstanding these attacks, we shall now **[3]** direct our attention to the proof offered to support it. Unquestionably the road described in the complaint, and by decree declared to be both a private and public road and the title quieted thereto was not traveled or used until the year 1902. The evidence shows by a strong preponderance, practically in its entirety, that until Bowen, a predecessor of the defendant, extended his fence out to the half mile line running north and south through section 8, so as to inclose the SW. ¼ SE. ¼ of said section, the road followed a diagonal course southeasterly and northwesterly across said last-described land, entering it near the northwest corner and leaving it to join the main east and west road which parallels the south line of section 8 at a point near an old corral, which all the evidence locates at the southeast corner thereof. Hence the erection of the fence of 1902 necessitated a change of the road for practically a quarter of a mile, one-fourth of its entire length, in which location it has ever since been. Now that we have the road in its decreed location only since 1902, it eliminates all the great volume of evidence as to other roads, their existence. or nonexistence. However, it is proper to remark *obiter* that there is no testimony in

the record to warrant the conclusion that any of the *other roads* are or ever were either private or public roads as the same are known in law, but are and were only tracks and trails wandering across the open land as described by plaintiffs' own witness, Road Supervisor Hendrickson: "I know there was not any road, but there was a track part of the way. * * * That road there was like all of the other roads in these early days; they are wherever you could find a wheel track that would take you; there was the road."

The road as decreed, to be a private road, must be so, if [4] at all, by way of necessity. A way of necessity arises where one person grants to another land to which there is no access except by passing over other lands of the grantor. (*Brigham* v. *Smith,* 4 Gray (Mass.), 297, 64 Am. Dec. 76; *Palmer* v. *Palmer,* 150 N. Y. 139, 55 Am. St. Rep. 653, 44 N. E. 966; *Herrin* v. *Sieben,* 46 Mont. 226, 127 Pac. 323.) In such cases a way of necessity is impliedly reserved in the grant. A way of necessity cannot exist where there never was any unity of ownership of the alleged dominant and servient estates, for no one can have a way of necessity over the land of a stranger. (*Schulenbarger* v. *Johnstone,* 64 Wash. 202, 35 L. R. A. (n. s.) 941, 116 Pac. 843; *Dudley* v. *Meggs,* 54 Okl. 65, 153 Pac. 1121; 19 C. J. 921.) In order to escape the effect of this rule, plaintiffs urge that the unity of ownership of their lands and that of the defendant runs back to the government, and by reason of the inception of their title before the defendant's that the government impliedly granted them a way of necessity over the lands later appropriated by the defendant. We recognize that such a [5] state of facts could exist from which that conclusion could be drawn. The case at bar, however, does not warrant it. Owners of land must not be subjected to the burden of a servitude for a private road, or any other kind of road over it, unless the evidence presented be clear and convincing. (*Barnard Realty Co.* v. *Butte,* 55 Mont. 384, 177 Pac. 402.)

The evidence submitted is far from meeting this requirement. The evidence shows that plaintiffs have other ways out— true, not so good or convenient as the one sought, yet they admit traveling over them, but assert greater distance and muddy conditions at certain seasons of the year. This will not excuse their use to the extent of establishing and decreeing a way of necessity over the lands of another. A way of necessity cannot be established by reason of convenience. The term expresses itself. Its foundation must rest in necessity (19 C. J.); here it does not.

To arrive at a conclusion that a way over the lands of [6] another is a public road, the evidence must be convincing that the public have pursued a definite, fixed course, continuously and uninterruptedly, and coupled it with an assumption of control and right of use adversely under claim or color of right, and not merely by the owner's permission, over it for the statutory period (five years before the adoption of the 1893 Code and ten years since), without which prescriptive rights cannot attach. (*State* v. *Auchard*, 22 Mont. 14, 55 Pac. 361; *Montana O. & P. Co.* v. *Butte & B. C. M. Co.*, 25 Mont. 427, 65 Pac. 420; *Barnard Realty Co.* v. *Butte, supra; Fairchild* v. *Stewart*, 117 Iowa, 734, 89 N. W. 1075; *Petterson* v. *Waske*, 45 Wash. 307, 88 Pac. 206; 37 Cyc. 21.)

Plaintiffs insist that the change of the road occasioned by Bowen's fence in 1902 is one of a minor nature and immaterial, and that the road as changed and decreed is the same as traveled for years before. If it can be changed for one-fourth of its length and that be immaterial, why not one-half or even three-fourths? And where would the line of materiality finally be determined? It cannot be done. A "definite, fixed course" must mean a course with clear and precise limits and of a permanent character.

To create a public road by prescription, it must be so situated and so conditioned as to be available to the public,

and the user—the travel—must be by the public generally, and it must be a way common to all. In the case at bar, the public never assumed any jurisdiction or exercised any rights over the road in question; nor did it regard the travel there as adverse; there has always been a gate at one end, and since 1913 there has been a gate at the other end, both of which have been recognized by the plaintiffs and such other persons as occasionally passed over it. The evidence preponderates against the use of the road as followed since 1902 by the public. The public have had no occasion to use it. It has been used more by the plaintiffs than all others combined, and their use has been no other than a way of convenience, a permissive use which may be revoked at the will of the owner. We can see no more than the usual accommodation between neighbors that marked the settlement of the public domain, and until roads are lawfully established, as said by the witness Hendrickson, "they [meaning roads] are where you can find a wheel track," and by common consent the settler locating in front of another has been willing that his neighbor continue his way over the land occupied by him. To charge the owner with abandonment and dedication or to credit the user with an adverse intent would penalize generosity and destroy neighborhood accommodation. If it were understood that by allowing a neighbor to pass over one's farm for a period of time in excess of the statute conferred a right on him to acquire a passageway to be kept open for his benefit, all such travel would be immediately prohibited, and rightfully so.

This being an equity case, we have reviewed and determined all of the material questions of fact as well as of law. (Sec. 8805, Rev. Codes 1921.) Other questions raised, not herein discussed, are not of sufficient merit to require special notice. We find nothing to warrant plaintiffs' contentions, and are constrained to the conclusion that the weight of the testimony is decidedly against the findings and conclusions

reached by the trial court, and preponderates decidedly in favor of the defendant, that the way in dispute is not and never has been a private nor a public road. No good cause exists for the granting of a new trial or the taking of further testimony in the court below.

Therefore we recommend that the cause be remanded to the district court, with directions to set aside its findings, conclusions, and decree heretofore entered, and to enter a decree for the defendant not inconsistent herewith.

PER CURIAM: For. the reasons given in the foregoing opinion, the cause is remanded to the district court, with directions to set aside its findings, conclusions and decrees heretofore entered, and to enter a decree for the defendant not inconsistent with the views expressed in the foregoing opinion.

*Remanded.*