HARRISON *v.* HARVEY.

4-6361                                    150 S. W. 2d 758

Opinion delivered May 12, 1941.

*A. J. Johnson,* for appellant.

*E. W. Brockman,* for appellee.

HOLT, J. Appellee, Mrs. Coy Harvey, owns the north one-half of the northeast quarter, township 8 south, range 6 west, in Lincoln county, Arkansas (80 acres). Appellant, W. H. Harrison, owns the 80-acre tract adjoining appellee on the south. Appellants, Mr. and Mrs. Whitener, are tenants of Harrison. Appellant, Ben Maddox, owns the land adjoining the Harrison land on the west and extending south below the south line of the Harrison tract. Paved highway No. 65 runs across the southwest part of the Maddox land. Choctaw Bayou partly encircles appellants' and appellee's land, together with other adjacent land, on the west, north and east.

More than a quarter of a century ago a graded road was constructed from highway No. 65 at a point on this highway about one-half mile south of the Harvey land, in a northeasterly direction over the Maddox land, thence north along the west boundary of the Harrison land, thence northeast across the Harvey tract, into Choctaw Bayou.

About 1932, appellee constructed a drainage ditch across this graded road and along the south boundary of her property on into Choctaw Bayou. At the same time she placed a bridge over this ditch in order not to obstruct the road.

Sometime after 1939, appellants constructed another drainage ditch east and west about twelve feet south of, and parallel with, this ditch and the line between the Harvey and the Harrison property, into the bayou. This ditch extended across the graded road here in ques-

tion and obstructed its use. Appellee, Mrs. Harvey, sought permission of appellants to bridge this ditch to keep the road open. Appellants refused to permit her to construct the bridge, and by the erection of a fence and otherwise, obstructed the use of the road.

March 9, 1940, appellee filed suit against appellants in which she alleged that she and the public generally had acquired the right to the use of the graded road by prescription and open and adverse usage for a period of more than seven years and sought injunctive relief against appellants. A temporary injunction was granted and during its pendency she bridged this ditch.

Appellants answered denying appellee's allegations and alleged that any right of appellee and the public to the use of the road in question was permissive only.

Upon a trial the trial court found the issues in favor of appellee and permanently enjoined appellants from in any manner obstructing the use of the road to appellee and the public. From this decree appellants have appealed.

The question for review here is one of fact: Did appellee and the public acquire a right to the use of the road in question as a public road, by prescription or by seven years adverse possession?

We think it would serve no useful purpose to make a detailed statement of the facts as set forth in this record. Under the settled rule of this court, a chancellor's findings of fact will not be disturbed here on appeal, unless against a preponderance of the evidence. A careful consideration and analysis of all the testimony leads us to the conclusion that the decree of the trial court is not against a preponderance thereof.

It is undisputed that this road had been in use for more than 20 years. It had been graded by the county and school buses use it. The highway authorities had constructed a culvert or ramp connecting the road with highway No. 65. It serves some 15 or 20 families inclosed within the bend of Choctaw Bayou. The great weight of the evidence shows that since the no fence

law of about 1923 (act 233 of 1923 as amended by act 144 of 1925), no gates, fences or other obstructions have obstructed this road, and the public has used it since that time openly and without interruption until the beginning of this litigation.

The law applicable to a case such as we have here is stated in *Medlock* v. *Owen,* 105 Ark. 460, 151 S. W. 995. There this court held (quoting headnote No. 1): "In order that one may acquire a private right-of-way across another's land, the use must be under a claim of right and not permissive, and must be used openly, continuously and adversely for seven years." And in the opinion it is said: "Whether these plaintiffs used this strip as a private passway or as a public alley is not very material, so far as this case is concerned, for a private way over the land of another may be acquired by adverse use in the same time that the public may acquire the right to a public highway by adverse user. In either case the use must be under a claim of right, and not permission. The way in either case must be used openly, continuously and adversely under a claim of right for the full period of the statute of limitations, which in this state is seven years."

And in *Patton* v. *State,* 50 Ark. 53, 6 S. W. 227, this court said: "In *Howard* v. *State,* 47 Ark. 431, 2 S. W. 331, it was held by this court that 'a road becomes established as a public highway by prescription, when the public, with the knowledge of the owner of the soil, has claimed and continuously exercised the right of using it for a public highway for the period of seven years, unless it was so used by leave, favor or mistake.' The right to a public highway acquired in this manner is based upon adverse possession for the full statutory period of limitation, as the title to land is acquired by individuals by such possession. In this way a street has been held to have been evidenced. The right to a public highway acquired in this manner is as full and complete as it would be had it been acquired by actual dedication by the owner. It is not sufficient to overturn this doctrine to say that it would be a great hardship upon the

people to impose upon them the maintenance and repair of highway acquired in such manner. There can be no stronger evidence of the public necessity and convenience of such roads than the voluntary and persistent use of them by the public for a long period of time. . . ."

Finding no error the decree is affirmed.