Frank X. BERGER, also known as Frank Berger, Plaintiff and Respondent,

v.

Ray F. BERGER, also known as Raphael F. Berger; Susan Berger, also known as Susie Berger, and Eugene Berger, Defendants and Appellants.

No. 7742.

Supreme Court of North Dakota.

Feb. 13, 1958.

Floyd B. Sperry, Golden Valley, Baird & Baird, Dickinson, for appellants.

Reichert & Reichert, Dickinson, for respondent.

JOHNSON, Judge.

This is an action in which the plaintiff asserts that there has been established by user or prescription a public road across the E½SE¼ of Section 30–141–91; that said road has been open and in use as a public highway for more than twenty years and that the public has established such prescriptive highway under the terms of Section 24–0701, NDRC 1943. He also asks that the defendants be enjoined and restrained from fencing and plowing up the alleged highway or in any manner interfering with or obstructing the plaintiff and the public in the use thereof. The defendants generally denied the allegations of the plaintiff's complaint; they assert that in 1947 a new road was built across the E½SE¼ and that the defendant, Ray F. Berger, paid the county for its construction; that the plaintiff is not denied access to his real property; that he has a way out; and asks for a dismissal of the action.

The case was tried to the court without a jury. The trial court held for the plaintiff and determined that the road in question had been established by user or prescription across the E½SE¼ Section 30–141–91, that is across defendants' land; that the action of the defendants in plowing

up the road and fencing it off in June of 1956, was illegal, and that they were enjoined and restrained from obstructing or interfering with the use of said highway by the plaintiff and the general public.

The defendants made a motion for a new trial on various grounds. This motion was denied by the trial court. They also made a motion to amend the answer in this action to conform to the proof. This was denied by the trial court.

With the motion for a new trial the defendants served extended specifications of error and alleged insufficiency of the evidence.

The defendants appeal to this court and demand a trial de novo. In view of our disposition of this case it will not be necessary to discuss the specifications of error on the motion for a new trial, or the motion to amend the answer to conform to the proof.

We will determine the facts from the record anew without specific reference to the alleged specifications of error.

■ In Berger v. Morton County, 57 N.D. 305, 221 N.W. 270, this court held, following Burleigh County v. Rhud, 23 N.D. 362, 136 N.W. 1082, that since the adoption of Chapter 112 of the 1897 Session Laws, the common law rule with respect to the establishment of a highway by prescription is in force in this state.

The common law rule with reference to the acquisition of a road by prescription is embodied in Section 24–0701, NDRC 1943 which provides:

"All public roads and highways within this state which have been or which shall be open and in use as such, during twenty successive years, hereby are declared to be public roads or highways and confirmed and established as such whether the same have been laid out, established, and opened lawfully or not."

■ A highway may be established by long public user regardless of whether this mode of establishment is denominated user, prescription, or the acquisition of the right by limitation, it being, in any case, the adverse possession and use which establishes the highway. 39 C.J.S. Highways § 3, page 921.

The fundamental requirements for the establishment of a public highway by prescription are well defined. Prescriptive rights under our law accrue only if the fundamental rules laid down by the courts apply to the existing facts.

■ To establish a highway by prescription, there must have been general, continuous, uninterrupted, and adverse use of the same as such by the public under a claim of right, for a period equal to that for the limitations of real actions. It is unquestioned that a general, continuous, uninterrupted and adverse user of a highway, as such, by the public, under a claim of right, for a period equal to that of the limitation of real actions, in this state 20 years, Section 24–0701, NDRC 1943, will establish a highway by prescription, and bar the owner of the soil. See 57 Am.St.Rep., Highways by User, page 748 and cases cited.

■ Mere user of land by the public as a highway is insufficient of itself to establish a highway by prescription or long use. The user must be adverse and hostile to the rights of the owners; and mere travel by the public does not of itself constitute adverse use of the property by the public. Regardless of how long it is continued, a user by license or permission of the owner of the land sought to be impressed with the public easement of travel is not adverse and affords no basis for prescription. 39 C.J.S. Highways § 9, page 929; Harrison v. Harvey, 202 Ark. 486, 150 S.W.2d 758; People ex rel. Mayer v. San Luis Valley Land & Cattle Co., 90 Colo. 23, 5 P.2d 873; Van Wieren v. Macatawa Resort Co., 235 Mich. 606, 209 N.W. 825. See also Stickley v. Sodus Tp., 131 Mich. 510, 91 N.W. 745,

59 L.R.A. 287; 57 Am.St.Rep. pages 757–758.

Many cases hold that to establish a prescriptive right to a road or street the user must be open, adverse, and under a claim of right, and with the knowledge and acquiescence of the owner or owners of the land in or over which the easement is claimed. See 57 Am.St.Rep., page 749.

■ Permissive use has reference to the conduct of the landowner in acquiescing and consenting that the road be traveled by the public while adverse user imports an assertion of right on the part of those traveling the road, hostile to that of the owner. 39 C.J.S. Highways § 9, page 929. The hostile use of a road over privately owned land necessary to establish a prescriptive right means a use inconsistent with the owner's right to exclusive use. It does not imply enmity or ill will and is consistent with friendly relations between user of the road and landowner. King County v. Hagen, 30 Wash.2d 847, 194 P.2d 357.

With these fundamental general rules in mind, it remains to set forth the essential facts disclosed by the record to see whether such user as is here shown of the road in question, meets the necessary requirements to establish it as a highway by user or prescription.

The plaintiff and the defendants are neighbors. The buildings of the plaintiff are located on the W½SE¼ Section 30–141–91. The buildings of the defendants are located in the E½SE¼ of the same section, township and range. Preceding the occupancy of the W½SE¼ of Section 30 by the plaintiff, his father, Charles Berger, had lived there for 48 years. He had homesteaded the place about 1902. He or his son, Frank X. Berger, had occupied the W½SE¼ from that time until the trial of this action in November 1956. A trail had existed over the E½SE¼ Section 30–141–91. This trail came in from the north going south for a considerable way and then turned east across the E½SE¼ of Section 30 to the east section line of that section. This trail probably originated in either 1912 or 1913. A bridge on the east section line of Section 30 was washed out about that time, so it was impossible to go over the section line and it appears that this trail was created shortly after that time. Some of the trail was on the plaintiff's place and crossed the entire E½ of the SE¼ of the defendant Ray Berger's place. Both the plaintiff, Frank Berger, and his father, Charles Berger, claim that the trail was graded in 1920 or 1921. This work was done, it is claimed, by Charles Berger and his brother, John Berger, the father of Ray F. Berger, one of the defendants in this action. Whether the trail was graded or graveled in the years specified is immaterial. It remained in about the same place from the time it began to be traveled until 1947. In 1947 the location of the trail was straightened and changed across the E½SE¼. In that year the evidence shows that Ray F. Berger paid to Elling Helmer, one of the county commissioners of Stark County, the sum of $20, for grading a private road on Section 30–141–91.

The road was used not only by Frank X. Berger, the plaintiff, but also by Ray F. Berger and by some people coming in from the north.

The evidence discloses that a gate was put in where the trail entered the section line at the east of Section 30, and had been maintained there by John Berger and Ray Berger, from about 1902, the time that the land was settled by his father John Berger. To use the trail it was necessary to go through this gate. It also appears that Frank, the plaintiff, had a gate on the east of his land, that is on the east line of the W½SE¼. It was put there either by his father, Charles Berger, or with his consent and acquiescence. So far as the evidence discloses there were gates on the east line of the W½ of the SE¼ and on the east line of Section 30, where the trail entered

the section line there after crossing the E½ of the SE¼ of Section 30.

Some third parties who testified in this action remembered the gates that were on the trail. Some also remembered a cattle crossing on the east line of the W½ of the SE¼ of Section 30. The witnesses that testified to having used the trail admitted that when they went through if the gates were closed, they also closed them.

It is significant that on cross-examination Frank X. Berger, the plaintiff, testified with reference to a gate as follows:

"Q. Now, Mr. Berger, have you ever talked to Ray about using this road?

"Mr. Reichert: Objected to as incompetent, irrelevant and immaterial.

"The Court: Overruled.

"A. Yes, I have.

"Q. Did Mr. Ray Berger say anything to you like 'Frank, would you please remember to keep that gate closed?'

"Mr. Reichert: This is objected to as immaterial.

"Mr. Baird: It is very material to the case, your Honor, to establish the point of the use of this road.

"The Court: Overruled.

"A. Keep it closed.

"Q. And didn't you agree to keep it closed? A. I did."

It thus appears that not only did Frank have knowledge of a gate, but had agreed with the defendant, Ray Berger, to keep it closed. This testimony is revealing as it bears upon the intent of the defendant, Ray F. Berger, to retain control, possession and dominion of his property. It is also evidence of the plaintiff's acquiescence of Ray Berger's attempt to retain control, possession and dominion of his land. It tends to negative the plaintiff's claim of adverse and hostile use of the trail as a basis for establishing a public right to its use.

In April 1947, Frank Berger went to see Ray about building a road across the E½-SE¼ from its east line to the east line of the W½SE¼. It appears that the road was to be built with the understanding that the gates would be kept closed. The road as built in 1947 covered in part the trail road that had been across this property. It was paid for by Ray F. Berger. The fence was left on the E½ of the SE¼ and the gate was moved to the location of the road as constructed.

In 1956 some trouble arose between the parties. The defendant, Ray F. Berger claims that his cattle got out into some silage and became bloated. At any rate in May 1956 the defendant, Ray F. Berger, in the presence of two witnesses, told the plaintiff that he was going to close the road and plow it up.

No one is claiming any public right to the road over the defendant, Ray Berger's place, except the plaintiff. He has a way out to the north.

A close analysis of the evidence discloses no facts that show unequivocal and satisfactory proof of the intention of the defendants to grant an easement to the public or to relinquish dominion, possession and control of their property so as to establish a trail by continued adverse user for a period of 20 years so as to come within the terms of Section 24–0701, NDRC 1943. The travel over the trail has always been obstructed by gates.

It must be conceded that placing obstructions across a road, such as a gate, is a strong indication that the use by others is permissive only, and that erection of a gate or gates across the road tends to evidence an intention on the part of the owner to assume and assert ownership and possession of the land over which the road runs. Williams v. Prather, 239 Ala. 524, 196 So. 118.

In Pierce v. Jones, 207 Ark. 139, 179 S. W.2d 454, it was held that where a landowner places gates across a road through his land, it is notice to the public that they thereafter are passing through the land by permission and not by right, so that no prescriptive right to the use of the road can be acquired. See Elliott, Roads and Streets, 4th Ed., Section 198, page 243.

The plaintiff never made any claim that the road in question had become a public highway until after the defendant gave him notice that he was going to close the gates. It is apparent from the evidence that the plaintiff until the spring of 1956 was perfectly satisfied with the arrangement to pass over the defendant's land through the gates; he had acquiesced therein. These gates had been placed on the land so that the defendant could keep his cattle on the farm.

■ To establish a public way by prescription it is necessary for the plaintiff to prove an adverse use of the land which had continued for more than 20 years under a claim of right and with the acquiescence of the defendants or their predecessor in title. The mere fact of the user by the public for the period required to establish a public way, raises no presumption that such use is adverse. To establish such a use a further fact must be proved, or admitted, that the general public used the way as a public right; and that it did, must be proved by facts which distinguish the use relied on from rightful use by those who have permissive right to travel over the private way. Bullukian v. Inhabitants of Town of Franklin, 248 Mass. 151, 142 N.E. 804; Sprow v. Boston & A. R. Co., 163 Mass. 330, 339, 39 N.E. 1024, 1025. In this last case it is said:

"If all the evidence which was introduced was equally consistent with the view that the uses relied on were of the latter character, (permissive use), the plaintiff failed to sustain the burden of proof resting upon him to show a use under a claim of right."

■ The burden of proof was upon the plaintiff. He has not sustained it by clear and convincing or satisfactory evidence such as establishes a public highway by prescriptive use.

■ The establishment of a public highway by prescription must be shown by preponderance of the evidence; and sometimes it is said that the evidence must be satisfactory, clear and definite or clear and convincing. 39 C.J.S. Highways § 23 c, pages 944, 945; Burk v. Diers, 102 Neb. 721, 169 N.W. 263; Violet v. Martin, 62 Mont. 335, 205 P. 221; Maynard v. Bara, 96 Mont. 302, 30 P.2d 93.

In Burk v. Diers, supra, it was held that passive permission by the owner of the land of the use of it by the public is not alone evidence of intent to dedicate to such use. It was further held that if a road claimed as a highway was a mere neighborhood road, much stronger evidence of a dedication or of a prescriptive right would be required than if it was a thoroughfare or a part of an acknowledged highway.

In Violet v. Martin, supra [62 Mont. 335, 205 P. 223], the court said:

"In the case at bar, the public never assumed any jurisdiction or exercised any rights over the road in question; nor did it regard the travel there as adverse; there has always been a gate at one end, and since 1913 there has been a gate at the other end, *both of which have been recognized by the plaintiffs and such other persons as occasionally passed over it*. The evidence preponderates against the use of the road as followed since 1902 by the public * * *. To charge the owner with abandonment and dedication or to credit the user with an adverse intent would penalize generosity and destroy neighborhood accommodation." (Emphasis supplied.)

For similar remarks see Burk v. Diers, supra.

The Violet v. Martin case presents a very similar situation to the one involved in the case at bar.

While undoubtedly some third parties used the alleged public highway, which the plaintiff is claiming, the road was mostly used by the plaintiff and the defendant, Ray Berger. It was not in any sense a thoroughfare or part of an acknowledged highway.

In Burk v. Diers, supra, it was also held that the facts and circumstances must be such as to indicate an unequivocal intent to devote the strip of land to a public use. No such intent can unequivocally be ascertained from the evidence presented in the case at bar. In Maynard v. Bara, 96 Mont. 302, 30 P.2d 93, the court held that before a road may be established by prescription over the land of another, the evidence must be clear and convincing that the use of the road by the public was adverse and not merely permitted by the landowner.

When the road in question here was changed in 1947 it was with the apparent acquiescence of the plaintiff. No user of the trail up to that time, from about 1912 or 1913 to 1947, indicated anything more than the permission of the defendant, Ray Berger, to allow the plaintiff and those of the public that wanted to use the trail, to pass over it through the gates on the E½ SE¼ of Section 30–141–91. We believe that the evidence in this case is more consistent with permissive use or license to use the trail than it is with the plaintiff's claim that it was adverse user which after 20 years established a prescriptive public highway. The facts shown by the plaintiff are not so unequivocal, or clear and convincing, as to warrant us in determining that the use of the trail in question amounts to a prescriptive right with which the defendants may not now interfere or terminate.

Nor does the evidence show that the plaintiff has acquired any easement in the defendants' land. He had access to the trail by the permission of the owner of the land, and it appears that that permission was always dependent upon the closing of the gates so that the defendants' cattle would not stray from his land. A permissive use of a right of way over another's land will not become an easement by prescription no matter how long continued unless it has been changed into an adverse use. 28 C.J.S. Easements § 18 d, Permissive Use, page 666. The defendant, Ray F. Berger, had a right to revoke the permissive use of the trail when the plaintiff no longer was willing to close the gates.

Accordingly the judgment of the trial court is reversed and the injunction is dissolved.

GRIMSON, C. J., and SATHRE, MORRIS and BURKE, JJ., concur.