Gregory P. MOHR, James E. Hurst, Don McMullin and Tim Dolney, Plaintiffs and Appellants,

v.

James TESCHER and Norman Winter, Defendants and Appellees.

Civ. No. 9997.

Supreme Court of North Dakota.

Dec. 22, 1981.

---

Freed, Dynes, Malloy & Reichert, Dickinson, for plaintiffs and appellants; argued by George T. Dynes, Dickinson.

Reichert, Howe, Hardy, Galloway & Jorgensen, Dickinson, for defendants and appellees; argued by Albert J. Hardy, Dickinson.

PAULSON, Justice.

The appellants, Gregory P. Mohr, James E. Hurst, Don McMullin, and Tim Dolney, appeal from a judgment of the District Court of Billings County entered on March 4, 1981. We affirm.

The appellants are oil field workers who reside in Sidney, Montana. In late 1979 and early 1980 the appellants were employed by Cardinal Drilling Company[1] and were working at oil well sites in northern Billings County east of the Little Missouri River. In order to shorten their lengthy daily trip from Sidney to the oil well sites, the appellants, in April of 1980, sought permission from ranchers in northern Billings County to use roads which were located on private lands and which provided access across the Little Missouri River.

The appellees, James Tescher and Norman Winter, are ranchers in northern Billings County. Both Tescher and Winter refused to allow the appellants to travel on roads across their properties, claiming that the roads in question were privately owned and were not open to the public. The Tescher road originates southeast of the Tescher ranch, on the east side of the Little Missouri River, crosses the river, and runs through the Tescher ranch headquarters. The road continues in a westerly direction until it intersects with a section line road in Golden Valley County. The Tescher road does not follow section lines but meanders through the rugged terrain in the area. Similarly, the Winter road meanders across Winter's property, passes directly through the yard of his ranch headquarters, and crosses the river. The river crossings on the two roads are merely low-water areas where vehicles may ford across. The testimony indicates that the roads and river crossings were maintained by Tescher and Winter, respectively, with little assistance from the county.

The appellants subsequently brought this action, alleging that the two roadways were public roads by prescription, and sought damages for their additional travel expenses and travel time necessitated by their inability to use the shorter routes to their worksites over the Tescher or Winter roads. The appellants also sought a temporary injunction preventing Tescher and Winter from impeding or interfering with travel on the two roads during the pendency of the action. The district court denied the request for a temporary injunction, and the case was tried to the court without a jury. The district court concluded that the roads were not public roads by prescription, and judgment for Tescher and Winter was entered on March 4, 1981.

The appellants contend on appeal that the district court erred in failing to find that the two roads in question had become public roads by prescription, pursuant to § 24–07–01 of the North Dakota Century Code, which provides:

"*24–07–01. Public roads by prescription.*—All public roads and highways within this state which have been or which shall be open and in use as such, during twenty successive years, hereby are declared to be public roads or highways and confirmed and established as such whether the same have been laid

---

1. Two of the appellants, Don McMullin and Tim Dolney, terminated their employment with Cardinal Drilling Company before trial when they were able to secure similar employment closer to their homes.

out, established, and opened lawfully or not."

To establish a public road by prescription under the statute, there must have been "general, continuous, uninterrupted, and adverse use by the public under a claim of right" for the requisite twenty-year period. *Backhaus v. Renschler*, 304 N.W.2d 87, 89 (N.D.1981); *Berger v. Berger*, 88 N.W.2d 98, 100 (N.D.1958). The appellants in the instant case are essentially contesting the district court's finding that the public use of the two roads in question was permissive rather than adverse.

The determination of whether or not there has been adverse use is a question of fact. *Backhaus, supra* 304 N.W.2d at 90. Therefore, our review in this case is limited to a determination of whether or not the trial court's findings of fact are clearly erroneous. Rule 52(a) of the North Dakota Rules of Civil Procedure.

 The party asserting the establishment of a public road by prescriptive use under § 24–07–01, N.D.C.C., has the burden of proving by clear, convincing, and satisfactory evidence that there has been adverse use of the road by the public under a claim of right for the twenty-year period. *Backhaus, supra* 304 N.W.2d at 89–90; *Trautman v. Ahlert*, 147 N.W.2d 407, 414 (N.D.1966). In *Berger, supra*, this court stated that the party asserting the prescriptive use must show more than that the road was merely used by the public for a long period of time, 88 N.W.2d at 100–101:

> "Mere user of land by the public as a highway is insufficient of itself to establish a highway by prescription or long use. The user must be adverse and hostile to the rights of the owners; and *mere travel by the public does not of itself constitute adverse use of the property by the public.* Regardless of how long it is continued, a user by license or permission of the owner of the land sought to be impressed with the public easement of travel is not adverse and affords no basis for prescription....
> 
> . . . . .

"Permissive use has reference to the conduct of the landowner in acquiescing and consenting that the road be traveled by the public while adverse user imports an assertion of right on the part of those traveling the road, hostile to that of the owner. [Citation omitted.] *The hostile use of a road over privately owned land necessary to establish a prescriptive right means a use inconsistent with the owner's right to exclusive use.* It does not imply enmity or ill will and is consistent with friendly relations between user of the road and landowner. [Citation .omitted.] [Emphasis added.]

Quoting approvingly from *Sprow v. Boston & Atlantic Railroad Co.*, 163 Mass. 330, 339, 39 N.E. 1024, 1025 (1895), this court, in *Berger, supra* 88 N.W.2d at 103, continued:

> " 'If all the evidence which was introduced was equally consistent with the view that the uses relied on were of the latter character (permissive use), the plaintiff failed to sustain the burden of proof resting upon him to show a use under a claim of right.' "

In the instant case, the appellants have established only that the roads in question have been used by the public since the 1920's; they have failed to present any evidence which indicates that such use was adverse rather than permissive. By contrast, Tescher and Winter presented ample evidence to support the trial court's finding that the use of the roads was permissive rather than adverse, and that the use was not inconsistent with the owners' right to exclusive use. The testimony clearly indicates that for many years there were numerous gates across each road which had to be opened and closed by those using the roads. We have consistently held that the existence of a gate across a road is indicative of permissive use. The court in *Backhaus, supra* 304 N.W.2d at 89, quoted with approval from *Berger, supra* 88 N.W.2d at 102:

> " 'It must be conceded that placing obstructions across a road, such as a gate, is a strong indication that the use by others is permissive only, and that erection of a

gate or gates across the road tends to evidence an intention on the part of the owner to assume and assert ownership and possession of the land over which the road runs.' "

The testimony indicates that there were as many as eleven gates across the Tescher road from 1923 until Tescher purchased the ranch in 1952. Between 1952 and 1966, Tescher replaced many of these gates with cattle guards for his family's convenience. There is also evidence that Tescher has, on occasion, placed obstructions across the cattle guards and erected a temporary gate across the road as it leads to his ranch headquarters. In 1979, Tescher placed barriers across the road and posted "No Trespassing" signs to prevent travel on the road. The Winter road has been continuously obstructed by gates for over fifty years, and there is still a gate near the Winter ranch headquarters which must be opened and closed when using the road. Therefore, the evidence indicates that there has not been an uninterrupted twenty-year period when either of these roads was unobstructed by gates. This strongly indicates that use of the roads by the public was permissive, rather than adverse.

The record also contains other testimony which supports the trial court's finding that Tescher and Winter had exercised complete dominion and control of their entire respective tracts of land. Several witnesses testified that both Winter and Tescher allowed their cattle to graze right on the roadway, and Winter occasionally fenced off a portion of his yard, including the road, for use as a winter pasture. There was also testimony that Winter occasionally parked his vehicles on the road, using it as a driveway. Finally, there was testimony that Tescher and Winter had occasionally relocated the roads at their own discretion and for their own convenience.

Upon examining the entire record in this case, we conclude that the district court's finding that the use of the roads was permissive rather than adverse was not clearly erroneous. Consequently, we conclude that the district court did not err in its determination that the appellants failed to meet their burden of proving adverse use of the roads by the public under a claim of right for the prescriptive period. The judgment of the district court is affirmed.

ERICKSTAD, C. J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.