Sam **FEARS** and Jessie Quinn, Plaintiffs and Appellants,

v.

**Y.J. LAND CORP.,** a partnership, and Glenn Goetz and Perry Oberg, partners, Defendants and Appellees.

Civ. No. 950072.

Supreme Court of North Dakota.

Oct. 31, 1995.

Thomas D. Kelsch, Kelsch, Kelsch, Ruff & Austin, Collins and Main, Mandan, for plaintiffs and appellants.

Malcolm H. Brown, Bismarck, for defendants and appellees.

VANDE WALLE, Chief Justice.

Sam Fears and Jessie Quinn appealed from a summary judgment entered by the district court, McLean County, on January 6, 1995. We reverse and remand.

In July 1993, Fears and Quinn purchased land located in McLean County on the east bank of the Missouri River. Y.J. Land Corp., a partnership composed of Glenn Goetz and Perry Oberg, owns the property abutting the north side of Fears's and Quinn's property. Fears and Quinn alleged that an access road which crosses Y.J. Land Corp.'s property is a public roadway because it was used by the public for the prescriptive period, or alternatively, that Fears's and Quinn's predecessors obtained a prescriptive right of way across Y.J. Land Corp.'s property to access Fears's and Quinn's adjoining property. The defendant moved for summary judgment and argued that any public roadway or easement that may have existed across Y.J. Land Corp.'s property was extinguished by a tax deed issued by the county for the nonpayment of taxes. For the purposes of summary judgment, Y.J. Land Corp. conceded that a public roadway or a prescriptive easement existed across Y.J. Land Corp.'s property. The trial court granted summary judgment.

On appeal from a summary judgment, we view the evidence in the light most favorable to the opposing party to determine whether genuine issues exist over material facts or the inferences to be drawn from undisputed facts and whether the law was applied correctly. *State Bank of Kenmare v. Lindberg*, 471 N.W.2d 470, 472 (N.D.1991); *Benson County Coop. Credit Union v. Central Livestock*, 300 N.W.2d 236, 239 (N.D. 1980). Even if factual disputes exist, summary judgment is appropriate if resolution of the disputes would not change the result. *See, e.g., Fibelstad v. Grant County*, 474 N.W.2d 54, 57 (N.D.1991). Questions of law are fully reviewable by this court. *See, e.g., E.E.E., Inc. v. Hanson*, 318 N.W.2d 101, 104 n. 3 (N.D.1982).

The undisputed facts reveal that because of the nonpayment of taxes for the years 1918–1926, McLean County owned the land which now belongs to Fears and Quinn. The county deeded a portion of the land to Christ Riedlinger in 1927 and another part to William Riedlinger in 1937. Christ Riedlinger and William Riedlinger transferred their interests to Martin Hoyer in 1946. On December 29, 1980, an Auditor's Tax Deed was issued to McLean County for the nonpayment of taxes for the year 1952. At a private sale also on December 29, 1980, McLean County deeded the property to Vivian Sims, Martin Hoyer's daughter. Both deeds recited conveyance of all of the "appurtenances

there[un]to belonging" and were filed on January 2, 1981. The county deed stated that the property "was acquired by the County through tax deed proceedings for the nonpayment of taxes levied and extended against said property for the years 1952 to 1958. . . ." No bids were received at a tax sale held on November 18, 1958. In 1982, Sims gave a quitclaim deed to the property to her son Curtis Sims, who was Fears's and Quinn's grantor.

The trial court held as a matter of law that "the claimed prescriptive easement could not arise or begin until the deeds to the plaintiffs of 1980, and . . . that if the time frame had run, the tax deeds to the government extinguished any claimed and unadjudicated prescriptive easement."

■ The first issue on appeal is whether a county tax deed to a parcel of property extinguishes a public roadway established by prescription on an adjoining parcel of property. The trial court did not discuss this question of law in its memorandum opinion and order. Under section 24–07–01, NDCC, a public road may be established by prescription. We have said that the party seeking to establish such a road has the burden of proving a "general, continuous, uninterrupted, and adverse use of the . . . [road] by the public under a claim of right, for a period equal to that for the limitations of real actions." *Backhaus v. Renschler*, 304 N.W.2d 87, 89 (N.D.1981) [citing *Berger v. Berger*, 88 N.W.2d 98, 100 (N.D.1958)]. Such road is established by the public for the public's use. The circumstances relating to the title to adjoining property have no effect on this use. We conclude that the county tax deed issued in 1980 for Fears's and Quinn's property could not interfere with the public's right to continue to use a public roadway across Y.J. Land Corp.'s property; however, on remand a question of whether or not a public roadway exists across the defendant's property must be determined.

■ If a public roadway is not established, Fears and Quinn argue alternatively that their predecessors obtained a private prescriptive easement across Y.J. Land Corp.'s property. The second issue on appeal is whether a prescriptive easement is extin-

guished when a valid tax deed is obtained by the county to the property which is the dominant tenement. The trial court believed this issue to be controlled by *Conlin v. Metzger*, 77 N.D. 620, 44 N.W.2d 617 (1950).

In *Conlin*, we analyzed servitude statutes and said that "a tract of land, called the dominant tenement, may have an appurtenance, such as a right of way, over an adjoining tract which becomes a servitude or burden upon that piece of land called the servient tenement." *Id.* 44 N.W.2d at 619 [citations omitted]. The sole issue in *Conlin* was whether a valid tax deed to the servient tenement which was obtained by a county thereby destroyed the prescriptive right of way across the property. *Conlin*'s Syllabus by the Court holds that "[a] valid tax deed based on an assessment of land in its entirety extinguishes any easement or servitude attaching to the land subsequent to the assessment." *Id.* Because the servitude in *Conlin* was not "carved out of the property," the tax lien was on the total value of the property. *Id.* 44 N.W.2d at 621. This tax lien was paramount to the subsequent servitude which encumbered the property; therefore, the easement across the servient tenement was extinguished.

Here, the trial court acknowledged that some of the facts in *Conlin* were the reverse of the instant case. Fears and Quinn claim a prescriptive easement appurtenant to their property, the dominant tenement, across Y.J. Land Corp.'s property, the servient tenement. Whereas in *Conlin* the servient tenement was subject to a tax sale, in this instance the dominant tenement was subject to a tax sale. Notwithstanding the factual differences, the trial court applied *Conlin*'s reasoning and extinguished Fears's and Quinn's alleged easement.

Fears and Quinn argue that *Conlin* should be distinguished because *Conlin* gives effect to section 57–02–40, NDCC, which provides for the paramount nature of the tax lien, and to section 57–28–08, NDCC, which provides that the failure to redeem operates to pass "any interest of the owner, mortgagee, or lienholder in the property to the county . . . subject only to the lien for installments of

special assessments certified to the county auditor or which may become due after the service of the notice of expiration of the period of redemption...." Fears and Quinn assert that *Conlin*'s reasoning does not support extinguishing the benefit conferred upon a dominant estate by a prescriptive easement. We agree.

In *Conlin*, the dominant tenement's interest in the servitude on the servient tenement encumbered the servient tenement. It was the priority of the tax lien that extinguished the dominant tenement's interest. But, a servient tenement does not have an interest in the dominant estate; rather, the easement is a benefit to the dominant estate, or an appurtenance.

A tax deed "passes the property in fee to the county, free from all encumbrances...." N.D. Cent.Code § 57–28–09. We conclude that a prescriptive easement is not an encumbrance to the dominant estate, so it is not extinguished by the issuance of a tax deed; rather, the prescriptive easement is an appurtenance which the tax deed passes to the county. *See, e.g.,* N.D. Cent.Code § 57–27–06 (prescribing the form of the tax deed to include "with the appurtenances thereto belonging"). Thus, the tax deed issued by McLean County would not extinguish a prescriptive easement appurtenant to Fears's and Quinn's property. Because the defendant conceded the presence of a prescriptive easement across its property only for the purposes of the summary judgment motion, a question remains whether a prescriptive easement attached to Y.J. Land Corp.'s property.

We reverse the summary judgment and remand to the trial court for further proceedings.

MESCHKE, LEVINE, NEUMANN and SANDSTROM, JJ., concur.